[No. 24810.   Department Two.   January 11, 1934.]

ROY F. JOHNSON, *Respondent,* v. G. W. STALCUP *et al.,* *Appellants.*[1]

*John I. O'Phelan* and *E. W. Mathewson,* for appellants.

*Fred M. Bond,* for respondent.

BLAKE, J.—July 11, 1929, the plaintiff and defendant entered into a contract whereby defendant agreed to sell and plaintiff agreed to buy certain lots in South Bend, upon which was situated a dwelling house. On December 22, 1932 (and before the contract had been consummated), the dwelling house, which comprised the major portion of the value of the property, was destroyed by fire. The plaintiff brought this action to rescind the contract for failure of consideration. From a judgment for plaintiff, defendant appeals.

[1]Reported in 28 P. (2d) 279.

■ That rescission lies in such cases is not questioned. *Ashford v. Reese,* 132 Wash. 649, 233 Pac. 29; *Capital Savings & Loan Ass'n v. Convey,* 175 Wash. 224, 27 P. (2d) 136; *Libman v. Levenson,* 236 Mass. 221, 128 N. E. 13, 22 A. L. R. 560 (note p. 575 id.).

The appellants contend that the rule is not applicable here, because they offered to rebuild and restore the dwelling. As to the effect, as a matter of law, of such an offer by a vendor upon a vendee's right to rescind, we are not here concerned. The trial court found, as a matter of fact, that no such unqualified offer was made. The evidence, in our opinion, would not support a finding to the contrary.

■ The real question in the case is the extent to which the vendor may offset the rental value of the property against the amount recoverable by the vendee. The total amount of respondent's recovery was $758.71, of which approximately $120 was on account of interest on sums paid under the contract. The rental value of the property during the period it was in the possession of, and occupied by, the vendee, was approximately six hundred dollars. The court, however, allowed this as an offset against interest only. Appellant contends that the entire amount of the rental value should have been offset against the principal, as well as the interest on the amount recovered by respondent.

It is contended by respondent, however, that the question is not an open one in this state. We are undoubtedly committed to the rule that, where rescission lies at the instance of the vendee because of fraud or misrepresentation on the part of the vendor inducing the contract, the vendor cannot offset the rental value of the property against the amount recoverable by the vendee. *Yarnall v. Knickerbocker Co.,* 120 Wash. 205, 206 Pac. 936. Nor can the rental value be offset where

the title of the vendor wholly fails. *Lawson v. Vernon,* 38 Wash. 422, 80 Pac. 559, 107 Am. St. 880; *Crawford v. Smith,* 127 Wash. 77, 219 Pac. 855.

But where the title of the vendor fails to only a portion of the property, the amount of the rental value can be offset against interest recoverable by the vendee. *Ankeny v. Clark,* 1 Wash. 549, 20 Pac. 583; *Empey v. Northwestern & Pacific Hypotheekbank,* 129 Wash. 392, 225 Pac. 226. It is upon authority of these cases that respondent seeks to sustain the judgment of the trial court. It must be admitted there is general language contained in both cases that gives ground for respondent's position. However, in determining whether the general language used in support of the rule there applied should be extended beyond the issues to which it was applied in those cases, we must consider the reason for the rule. An examination of those cases discloses that the underlying reason for the rule is this: Since the vendor had no title, the vendee might be called upon to pay to the real owner the rental value for the use and occupation of the premises. So, to allow the vendor under the contract to offset the rental value against the amount recoverable by the vendee, would subject the vendee to a double liability for the use and occupation of the property.

Obviously, the reason for the rule fails, in cases such as this, where, through no fault of the vendor, a failure of consideration arises, during the life of the contract, because of destruction of the property. Here, there is not a failure of title. Since the vendee cannot be subjected to a double liability, the reason for the rule is gone. We think to apply to the situation presented here the general language used in the *Ankeny* and *Empey* cases, would carry the rule beyond the issues of those cases and outside of its legitimate scope. While

authority on the point seems to be meager, such as we have found, or has been called to our attention, supports the views we have expressed. *Gould v. Murch,* 70 Me. 288, 35 Am. Rep. 325. See, also, *Kunde v. O'Brian,* 214 Ia. 921, 243 N. W. 594. In 27 R. C. L. 655, it is said:

"Where the purchaser resorts to a court of equity to enforce his right to rescind, the courts, applying the general rule that a party who seeks to rescind a contract must restore what benefit he has received under the contract, require him to account for the rents and profits of the land during the time he was in possession, if there is no liability on his part to account to a third person therefor, and the purchaser has been allowed interest on the money paid. And a fortiori this is true where the rescission is owing to an accidental cause, such as the accidental destruction of the buildings by fire or the like before the time for conveyance arrives."

We think, under the facts presented in this case, the vendor is entitled to offset the full amount of the rental value of the property, during the time it was in the possession of, and occupied by, the vendee, against the entire amount recoverable by the vendee.

The judgment is modified, and the cause remanded, with directions to enter judgment in accordance herewith.

BEALS, C. J., TOLMAN, GERAGHTY, and HOLCOMB, JJ., concur.