[No. 26431. Department One. March 18, 1937.]

HERBERT KNOWLES et al., Respondents, v. PHOEBE R. LAPURE et al., Appellants.[1]

[1]Reported in 65 P. (2d) 1260.

*Philip Tworoger,* for appellants.

*John Wesley Dolby,* for respondents.

MILLARD, J.—Alleging that defendant vendors unlawfully repossessed the subject matter thereof, thereby rescinding a contract for the purchase of certain improved real estate in King county, plaintiff vendees brought this action to recover the portion of the stipulated purchase price paid by them to defendant vendors. In a second cause of action, plaintiffs sought recovery of the value of personal property claimed to have been converted to defendants' use at the time of the repossession of the real property. The cause was tried to the court, which found that plaintiffs were entitled to recovery of $509.55 on their first cause of action and one hundred dollars on their second cause of action. Judgment accordingly was entered. Defendants appealed.

Appellants complain of the finding that their acts constituted a rescission of the contract, and also urge as error the finding that appellants converted to their own use certain personal property of the respondents.

The findings are summarized as follows: Respondents entered into a real estate contract August 20, 1928, with appellants, under the terms of which the latter agreed to sell to the former certain improved real property in King county. Two hundred dollars of the purchase price of twenty-four hundred dollars was paid at the time of the execution of the contract. The balance was payable, with interest at seven per centum per annum, one hundred dollars thirty days

after the execution of the contract, and thirty dollars monthly thereafter.

The respondents went into immediate possession of the property and paid the stipulated installments up to and including July, 1931. Thereafter, by mutual agreement, the contract was modified in that the monthly installments were reduced from thirty dollars to ten dollars. The respondents often failed to make payments as required by the modified agreement. By acceptance of the payments after their due date, appellants waived strict performance on the part of the respondents in making the stipulated payments.

Respondents made five monthly payments of $7.91, and thereafter twelve monthly payments of ten dollars. The respondents used, occupied, and held possession of the property from August 20, 1928, to April 1, 1934. On the latter date, the appellants "unlawfully and against the will of the respondents entered into and upon said property." The appellants excluded the respondents from the property and refused to redeliver same to the respondents.

The court further found that, by such unlawful repossession, the appellants rescinded the real estate contract, and that the respondents were entitled to the return of the payments made to the appellants, minus the value of the use and occupation of the premises during the time respondents had possession of same. The court also found that, when appellants, without the permission and against the will of the respondents, reentered and took possession of the real property, the appellants converted to their own use certain personal property, of the reasonable value of one hundred dollars, belonging to the respondents.

There is ample evidence to support the finding of the trial court that the appellants waived strict performance of the contract by acceptance of payments

thereunder after maturity. That being so, the appellants could not, in view of such waiver, forfeit the contract without notice and an opportunity given to respondents to perform. Notice was never given by the appellants to the respondents. Appellants' repossession, without respondents' consent or acquiescence, of the property constituted a rescission by appellants of the real estate contract. It follows that respondents are entitled to the return of the payments made under the contract, with interest thereon at the legal rate from date appellants repossessed the property, less the reasonable value of the use of the property from the date the respondents entered into possession to the date. the appellants unlawfully repossessed the property. 27 R. C. L. 655. See, also, *Johnson v. Stalcup,* 176 Wash. 153, 28 P. (2d) 279.

Our examination of the record fails to disclose a preponderance of the evidence against any of the findings of fact; hence the judgment, which is sustained by the findings, should be, and it is, affirmed.

STEINERT, C. J., MAIN, BLAKE, and GERAGHTY, JJ., concur.