[No. 31889.   Department Two.   February 7, 1952.]

ARCHIE W. BEAN et al., Appellants, v. C. F. HALLETT et al., Respondents.[1]

Sid Buckley, for appellants.

John T. Raftis, for respondents.

OLSON, J.—In this action, the appellants seek to recover the initial payment made to the respondents on an executory contract for a deed to certain real estate.

The contract was dated April 14, 1949, and appellants then made the first payment on the purchase price. The next payment was due on April 14, 1950. Appellants were to have possession of the property as long as they performed the terms of the agreement. They agreed, among other things, to keep the premises in good repair, and the buildings insured for not less than fifteen hundred dollars. Provision was made for forfeiture of the contract at the option of respondents, in the event of default by the appellants.

[1] Reported in 240 P. (2d) 931.

The appellants were in possession of the property from the time of the execution of the contract until about July 18, 1949. They then rented the farm to tenants who took possession about July 20, 1949, and appellants did not again occupy the premises. Later, when appellants requested the tenants to vacate, the respondents asked them to remain on the property, and reduced the rental from twenty-five to fifteen dollars a month, instructing the tenants to pay the rent to them (respondents). On September 17, 1949, respondents notified the appellants that they were in default under their contract in many particulars, and, about October 24, 1949, gave appellants final notice of cancellation of the contract.

The trial court entered judgment giving the appellants until a certain date to comply with the terms of the contract, and providing that, if they did so, they should have a credit of two hundred dollars upon the sale agreement as rental for the time during which the respondents accepted rental from the tenants, and that, if the appellants failed to perform the contract, the action would be dismissed.

Appellants contend that the trial court used an improper measure of recovery, in that the judgment did not award them the full amount of their initial payment.

The trial court did not find, as a fact, any breach of the agreement by the appellants, and our examination of the statement of facts discloses none. There was no determination that the appellants were in default under the contract.

In any event, the facts show that the respondents repossessed the property before they had complied with the terms of the contract regarding its forfeiture, that is, before the agreed time of thirty days after the first notice claiming default had expired. As the trial court said, in its oral decision, the respondents were "in somewhat of a hurry to declare a forfeiture of this contract." Their acts regarding the possession of the property were in derogation of the rights of the appellants under the contract and contrary to its terms. By proceeding as they did, respondents committed a total breach of the contract.

Respondents contend that it was necessary for them to do as they did to protect the property and keep the insurance on the buildings in effect. We do not decide whether or not this contention can benefit the respondents, because the facts do not support their claim.

■ The appellants are entitled to the return of the payment made under the contract, with interest thereon at the legal rate from the date the respondents repossessed the property, less the reasonable value of the use of the property from the date the appellants entered into possession to the date the respondents unlawfully repossessed the property. *Johnson v. Stalcup,* 176 Wash. 153, 28 P. (2d) 279 (1934); *Knowles v. LaPure,* 189 Wash. 456, 65 P. (2d) 1260 (1937); 2 Restatement of the Law of Contracts 585, § 347 *et seq.* That the value of the use of the property while the appellants were in possession was eighty-five dollars, is not in dispute.

The cause is remanded to the superior court for modification of its judgment accordingly. The appellants shall recover the costs of this appeal.

SCHWELLENBACH, C. J., HILL, HAMLEY, and FINLEY, JJ., concur.