MAYNARD HOSPITAL, INC., ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 4685-65, 3141-64, 3295-64, 3306-64, 3313-64, 378-65, 4814-65, 4684-65, 4686-65—4690-65. Filed August 31, 1970.

*R. B. Hooper, H. B. Jones,* and *William C. Rutherford,* for the petitioners.

*Richard H. M. Hickok, Gary C. Randall,* and *Richard J. Shipley,* for the respondent.

#### SUPPLEMENTAL OPINION

SCOTT, *Judge:* These proceedings are under Rule 50 of the Court's Rules of Practice. The opinion of this Court in the above-entitled cases was filed on September 25, 1969. On May 5, 1970, respondent filed a computation for entry of decision under Rule 50, and on June 15, 1970, petitioners filed their computation. There is no disagreement between the parties with respect to the computations for entry of decision in the case of *Maynard Hospital, Inc.,* docket No. 4685-65. In the cases of James E. Hunter and Nadine N. Hunter, docket No. 3141-64; Estate of Gordon G. Thompson, Joel N. McFee, Executor, docket No. 3295-64; Glenn N. Rotton and Gail Rotton, docket No. 3306-64; Winnifred M. Glasgow, docket No. 3313-64; William A. Glasgow Trust, the Bank of California, N. A., Trustee,

---

[1] Cases of the following petitioners are consolidated herewith: James E. Hunter and Nadine N. Hunter, docket No. 3141-64; Estate of Gordon G. Thompson, Joel N. McFee, Executor, docket No. 3295-64; Glenn N. Rotton and Gail Rotton, docket No. 3306-64; Winnifred M. Glasgow, docket No. 3313-64; William A. Glasgow Trust, The Bank of California, N.A. Trustee, docket No. 378-65; R. D. Forbes and Mary L. Forbes, docket No. 4814-65; Glenn N. Rotton, Transferee, docket No. 4684-65; Winnifred M. Glasgow, Transferee, docket No. 4686-65; R. D. Forbes, Transferee, docket No. 4687-65; Estate of Gordon G. Thompson, Transferee, Joel N. McFee, Executor, docket No. 4688-65; William A. Glasgow Trust, The Bank of California, N.A., Trustee, Transferee, docket No. 4689-65; and James E. Hunter, Transferee, docket No. 4690-65.

1676

docket No. 378–65; and R. D. Forbes and Mary L. Forbes, docket No. 4814–65, respondent filed computations showing no deficiency and no overpayment, and petitioners filed computations in which they claimed an overpayment in the amount of the tax previously paid with respect to the distributions received by them in 1960 from Maynard Hospital, Inc.

Petitioners' position, as stated in their memorandum in support of their Rule 50 computation, is that since each petitioner has been held liable as a transferee of the assets of Maynard Hospital, to the full extent of the amount received in 1960, each such transferee is entitled to an overpayment of the tax which he paid with respect to the amount received. This issue was not raised by petitioners in their petitions or at the trial and is not properly raised in a hearing under Rule 50. However, even if the issue had been properly raised, we would not sustain petitioners. As we held in *Estate of Samuel Stein*, 37 T.C. 945, 956 (1962), where a taxpayer has in 1 year received an amount from a corporation under a claim of right and paid a tax upon the receipt, he is not entitled to recover the tax paid in the prior year under a doctrine of equitable recoupment when it is later determined that he is liable as transferee for tax of the corporation making the distribution to him. In the *Stein* case we pointed out that prior to the enactment of section 1341, I.R.C. 1954, a number of cases had held that a taxpayer who was required to restore payments which he had received under a claim of right was entitled to a deduction in the year in which repayment was made. We further pointed out that section 1341 now provides the appropriate remedy in a situation where a taxpayer had included an item in gross income in one taxable year and in a subsequent taxable year becomes entitled to a deduction because the item or a portion thereof was no longer subject to his unrestricted use. In accordance with our holding in *Estate of Samuel Stein, supra*, we approve respondent's computation of no deficiency and no overpayment with respect to each individual petitioner for the year 1960.

The parties are in agreement as to the amount of assets transferred to each of the transferee-petitioners in docket Nos. 4684–65, 4686–65, 4687–65, 4688–65, 4689–65, and 4690–65, and also are in agreement that in each case this amount is less than the tax liability of the transferor. The only difference between the parties is whether interest on the liability of each transferee is to be computed from September 22, 1960 (the date on which the transfer was made to the transferee), to the date of payment, or from May 7, 1965 (the date of the statutory notices of deficiency), to the date of payment. Both parties refer to our statement in *Estate of Samuel Stein, supra* at 961 that:

In cases where the transferred assets exceed the total liability of the transferor, the interest being charged is upon the deficiency, and is therefore a right created by the Internal Revenue Code. However, where, as here, the transferred assets are insufficient to pay the transferor's total liability, interest is not assessed against the deficiencies because the transferee's liability for such deficiencies is limited to the amount actually transferred to him. Interest may be charged against the transferee only for the use of the transferred assets, and since this involves the extent of transferee liability, it is determined by State law. *Commissioner* v. *Stern, supra*. [357 U.S. 39 (1958)]

Reinforced by *Stern* and *Patterson* v. *Sims, supra*, [281 F. 2d 577 (C.A. 5, 1960)] we extend the principle underlying the decisions discussed above to hold that where a transferee receives assets insufficient to satisfy the transferor's tax liabilities, determination of the existence, starting date, and rate of interest upon the retention of those assets prior to demand therefor is controlled by State law [Footnotes omitted.]

See also *Archie A. Swinks*, 51 T.C. 13 (1968).[2]

The parties here agree that the rate of interest is 6 percent per annum in accordance with the provisions of section 19.52.010, Wash. Rev. Code.

Petitioners point out that sections 19.40.040, –.050, and –.060, Wash. Rev. Code, provide for recovery by creditors from transferees of assets for insufficient consideration, but that these provisions contain no statement with respect to interest. Section 19.40.040 makes a conveyance which leaves the transferor insolvent a fraudulent conveyance as to creditors of the transferor even though such a conveyance is not otherwise a fraudulent conveyance.

Petitioners state that the only Washington case dealing with a determination as to whether the grantee of fraudulently conveyed property must account for rents and profits for the time prior to the date that the transfer is challenged holds that he is not required to so account or to pay interest for this period. *Curtiss* v. *Crooks*, 190 Wash. 43, 66 P. 2d 1140 (1937). We have located no other Washington case dealing with this issue. *Patterson* v. *Sims*, 281 F. 2d 577 (C.A. 5, 1960), involved a transferee liability arising from the transfer of real property. The court in that case pointed out that Alabama decisions draw a distinction between cases of actual fraud and those of constructive fraud and then stated:

In the case of a constructively fraudulent transfer, under Alabama law the transferee would be liable neither for interest nor for rents and profits for the use and occupation of the property until after the filing of the creditor's bill. * * *

We have located no case in Washington as to when interest starts where a conveyance is fraudulent by statute as in the instant case.

---

[2] Petitioners in their memorandum in support of their Rule 50 computation cite *Voss* v. *Wiseman*, 234 F. 2d 237 (C.A. 10, 1956), but apparently do not rely on the dicta in that case that interest on transferred assets as a matter of Federal law begins only upon issuance of the notice of deficiency. See our discussion of this case in *Estate of Samuel Stein*, 37 T.C. 945, 960 (1962).

However, we agree with petitioners that liability for interest is analogous to the liability to account for rent and profit. If we follow this analogy here, under the holding in *Curtiss* v. *Crooks, supra,* petitioners would not be liable for interest prior to the issuance to them of the statutory notices of deficiency .

Numerous Washington cases hold that interest prior to judgment or demand for payment is allowable only when the amount claimed is "liquidated" or when the amount of an "unliquidated" claim is due upon a specific contract for payment of money with the amount determinable by a fixed standard without reliance on opinion or discretion. Examples of these cases are: *Kennedy* v. *Clausing,* 74 Wash. 2d 483, 445 P. 2d 637 (1968), holding interest chargeable on attorney's fee under a contingency contract from the date of judgment and not from date of completion of the contract since under the contract fees were unliquidated until verdict and judgment. *Valley Land Office, Inc.* v. *O'Grady,* 72 Wash. 2d 247, 432 P. 2d 850 (1967), holding that broker's claim for commission under contract was not liquidated and therefore interest on award of commission was not allowable prior to judgment. *Dorsey* v. *Brunswick Corporation,* 69 Wash. 2d 511, 418 P. 2d 732 (1966), holding chattel mortgagee who was liable for conversion because of sales under mortgage not being accompanied by mortgagor's affidavit of good faith liable for interest from date of foreclosure sale. *Grays Harbor County* v. *Bay City Lumber Co.,* 47 Wash. 2d 879, 289 P. 2d 975 (1955), holding interest on award for conversion of lumber to start at date of conversion. *Mall Tool Co.* v. *Far West Equipment Co.,* 45 Wash. 2d 158, 273 P. 2d 652 (1954), holding interest on agreed amounts owed for goods delivered to be for an amount due under a specific contract so that interest starts from the delivery date of the last item, but that interest on a counterclaim for damages for permitting other sales in protected territory began at time judgment should have been entered since the counterclaim was unliquidated. *Bean* v. *Hallet,* 40 Wash. 2d 70, 240 P. 2d 931 (1952), holding interest on payment under contract which was recoverable because of vendor's breach to start from date vendors repossessed the property.

Respondent relies on language in *Prier* v. *Refrigeration Engineering Co.,* 74 Wash. 2d 25, 442 P. 2d 621 (1968), as indicating that the tax of the transferor, Maynard Hospital, Inc., in the instant case falls within the definition as used in Washington State of a "liquidated" claim.

In our view the statements in *Prier* v. *Refrigeration Engineering Co., supra,* support the opposite conclusion. This case refers to a "liquidated" claim as one "where the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness,

without reliance on opinion or discretion." It also quotes with approval a statement that "the true principle which is based on a sense of justice in the business community and on our statute is that he who retains money which he ought to pay to another should be charged interest upon it. The difficulty is that it cannot well be said one ought to pay money unless he can ascertain how much he ought to pay with reasonable exactness."

In the instant case at the time of the distribution to the transferees there was an outstanding ruling by respondent that Maynard Hospital was exempt from Federal income tax. At that time there was no determination by respondent that Maynard Hospital owed any tax. In our view there could be no liquidated claim of the respondent for income tax of Maynard Hospital as that term is construed by the Supreme Court of Washington at any time prior to the issuance of the notice of deficiency. Since petitioners admit that interest is due from May 7, 1965, the date of the notices of deficiency because of the provisions of section 6901, we need not decide whether the claim against the transferees became a liquidated claim upon the issuance of the notices of deficiency.

We therefore conclude that applying the law of the State of Washington as to interest on claims, interest on the amount transferred to each of the transferees commenced on May 7, 1965, the date of the issuance of the notices of deficiency.

*Decisions will be entered in accordance with this opinion.*