120

[No. 2225-1.   Division One.   November 25, 1974.]

Don L. Cooney, Inc., *Respondent*, v. Star Iron and Steel Co., *Appellant.*

*Kane, Vandeberg & Hartinger, Elvin H. Vandeberg* and *Leslie Stomsvik*, for appellant.

*DeGarmo, Leedy, Oles & Morrison* and *Bruce T. Rinker*, for respondent.

Farris, J.—In early 1970, Don L. Cooney, Inc., contacted Star Iron and Steel Co. concerning modification of a hoist to be used in constructing the Dent Bridge at the Dworshak

Reservoir in Idaho. Several letters passed between the parties, one of which contained a disclaimer of warranty liability. In June of 1970, the exchange of correspondence ceased when Cooney notified Star to stop work on the proposed modification.

In November of 1970, Cooney again contacted Star concerning modification of the hoist, this time for construction of the Grandad Bridge. The specifications were altogether different from those required for the Dent Bridge construction. On January 14, 1971, the parties expressly recorded the "total contract," which included a disclaimer of warranty liability.

Star modified the hoist and Cooney advanced $16,411.19 in partial satisfaction of the contract price. The modified hoist, however, failed to comply with the agreed upon specifications for the project. Although it could and did perform some work on the bridge, the inability of Cooney to use the hoist because it did not perform up to specification allegedly caused delay and expense.

Cooney brought suit against Star, alleging breach of express and implied warranties and negligence. Star denied liability for consequential damages in reliance on a disclaimer of warranty liability found in a letter from Star to Cooney which was part of the correspondence on the Dent Bridge project. Star also counterclaimed for the contract price less the $16,411.19 which had already been paid by Cooney. The trial court entered judgment for Cooney in the sum of $97,500 as lost profits because of failure of consideration and dismissed Star's counterclaim with prejudice. Cooney was also awarded costs. The court permitted Star to retain the $16,411.19 already paid by Cooney, who has cross-appealed for the return of that sum.

On appeal, Star does not dispute that there is substantial evidence to support the trial court's finding of a breach of warranty and negligence. Rather, Star assigns error to the trial court's failure to "construe together" the disclaimer of warranty liability found in the Dent Bridge negotiations

and the letter of January 14 which the trial court found to be the entire contract for the Grandad Bridge project.

Whether different instruments will be construed together in interpreting contract terms turns upon the intention of the parties to those instruments. *Dix Steel Co. v. Miles Constr., Inc.*, 74 Wn.2d 114, 443 P.2d 532 (1968); *Barker v. Sartori*, 66 Wash. 260, 119 P. 611 (1911). *See also Lynch v. Higley*, 8 Wn. App. 903, 510 P.2d 663 (1973).

Construing together simply means that, if there be any provisions in one instrument limiting, explaining, or otherwise affecting the provisions of another, they will be given effect as between the parties themselves and all persons charged with notice, so that the intent of the parties may be carried out, and the whole agreement actually made may be effectuated. This does not mean that the provisions of one instrument are imported bodily into another, contrary to the intent of the parties. They may be intended to be separate instruments, and to provide for entirely different things, as in the very case before us. [*Thorp v. Mindeman*, 123 Wis. 149, 101 N.W. 417 (1904).]

*Barker v. Sartori, supra* at 264.

Where, as here, the instruments dealt with the same subject matter but allegedly concerned different transactions, whether the January 14 writing set forth the complete agreement of the parties or whether they intended the instruments to be read together to define their contractual duties is a question of fact. *Dix Steel Co. v. Miles Constr., Inc., supra; Aztec Sound Corp. v. Western States Leasing Co.*, 32 Colo. App. 248, 510 P.2d 897 (1973); 3 A. Corbin, *Contracts* § 595 (1960). The trial court, upon substantial evidence, resolved the issue against Star. We will not disturb that ruling on appeal. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959).

Star and Cooney both challenge the trial court's method of awarding damages. Star assigns as error the court's ruling which excused Cooney from paying the remaining contract price because of failure of consideration; Cooney

cross-appeals from the trial court's award of $16,411.19 to Star, alleging that there was a total failure of consideration and that the record contains no evidence to support the trial court's award.

■ Star argues that the trial court should have held Cooney responsible for the total contract price less such damages as it may have proved. The trial court found instead a failure of consideration in that the modification of the hoist was of little practical value to Cooney for the purposes contemplated when the contract was made and denied Star recovery "on the contract." 3A A. Corbin, *Contracts* § 710, at 342 (1960). *See Jacks v. Blazer*, 39 Wn.2d 277, 235 P.2d 187 (1951); 6 A. Corbin, *Contracts* § 1253 (1962). The court found as a fact that

> Cooney continued to try to make the hoist operable from about July 21, 1971 until September 8, 1971. However, neither of the drums, i.e., the haul drum or the lifting drum, would perform as required and it became necessary to replace the hoist with other equipment. Accordingly, the alteration of the hoist by Star was of limited value to plaintiff except as it would perform at the Grandad Bridge site, the modification being specifically designed for use on the Grandad Bridge job.

Finding of fact No. 7. Star's failure therefore went to the heart of the contract. *White v. Mitchell*, 123 Wash. 630, 213 P. 10 (1923). The finding supports the conclusion that the breach discharged Cooney from his dependent obligation to pay the contract price. *Jacks v. Blazer, supra*; *Cartozian & Sons, Inc. v. Ostruske-Murphy, Inc.*, 64 Wn.2d 1, 390 P.2d 548 (1964); Restatement of Contracts §§ 397, 399 (1932).

■ Cooney need not present evidence concerning the value of the modification to maintain its position as a party discharged from its obligation to fulfill contract terms of a materially breached agreement. The burden of proving value is on the party claiming it, once it has been determined that the recovery will not be on the contract. *Golob v. George S. May Int'l Co.*, 2 Wn. App. 499, 468 P.2d 707 (1970); *Nordin Constr. Co. v. Nome*, 489 P.2d 455 (Alas.

1971); *William G. Tannhaeuser Co. v. Holiday House, Inc.,* 1 Wis. 2d 370, 83 N.W.2d 880 (1957); 3A A. Corbin, *Contracts* § 710 (1960); Restatement of Contracts § 357 (1932). If, as Star asserts, its efforts in modifying the hoist were of some benefit to Cooney, it had the burden of proving the value of the benefit. The trial court awarded $16,411.19 to Star as that value.

The court found:

> Star counter-claimed against plaintiff for the sum of $39,508.34, representing the balance due for the modification of the hoist which amount Star paid to C.I.T. Corporation based on a guaranty by Star of Cooney's contract obligations, C.I.T. having paid Star in the first instance. As a result of the breaches and negligence of Star aforesaid, there was a failure of consideration for the work and materials provided by Star *except to the extent already paid by Cooney.*

(Italics ours.) Finding of fact No. 9. Cooney challenges the italicized portion of that finding by its cross-appeal. It argues that there is no evidence in the record to support it.

In *Bean v. Hallett,* 40 Wn.2d 70, 71, 240 P.2d 931 (1952), the vendee in an executory land sales contract was permitted to recover a portion of his initial payment on the contract when the vendor subsequently "committed a total breach of the contract." The value of the use of the property prior to the breach was deducted from the sum recovered. *See Cone v. Ariss,* 13 Wn.2d 650, 126 P.2d 591 (1942); 5 A. Corbin, *Contracts* § 1108 (1964). Here, Cooney seeks to recover its initial payment made prior to the material breach by Star. As in *Bean,* such recovery should be less the value, if any, of the use of the modified hoist to Cooney. The trial court apparently believed that the value of the hoist to Cooney was the full $16,411.19 paid and so stated in finding of fact No. 9. If that finding is supported by substantial evidence in the record, the award will stand. *Thorndike v. Hesperian Orchards, Inc., supra.*

In reviewing the record, we find no direct evidence on the value to Cooney of the modified hoist and we are unable to determine what evidence raises even an inference

of that value, although the record reflects that the hoist was used by Cooney and therefore of some value. The dollar amount tendered by the nonbreaching party to the other party to a materially breached contract is not evidence of the value actually received by the nonbreaching party where the recovery sought by the breaching party is not on the contract. *Frisell v. Newman*, 2 Wn. App. 85, 467 P.2d 340 (1970).

Because the trial court heard the evidence and the record affirmatively reflects that the hoist, though not modified to specifications, was used by Cooney and therefore was of some value, we do not deem fatal the failure of the trial court to make a more specific finding in fixing the dollar amount of that value at $16,411.19. We must remand, however, for a specific finding on the value Cooney received from the modified hoist. If the trial court is unable to make such a finding from the evidence introduced on this issue at trial, the award of damages to Star is reversed.

Affirmed in part; remanded.

HOROWITZ and CALLOW, JJ., concur.

Petition for rehearing denied March 31, 1975.

Review denied by Supreme Court June 9, 1975.