HARTLEY F. SATNICK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Satnick v. Commissioner
Docket No. 6757-72.
United States Tax Court
T.C. Memo 1979-97; 1979 Tax Ct. Memo LEXIS 434; 38 T.C.M. (CCH) 456; T.C.M. (RIA) 79097; March 19, 1979, Filed Harold Greenberg, for the petitioner. Theodore J. Kletnick, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: The dispute herein involves the Rule 155 computation mandated by the Court's opinion (T.C. Memo. 1978-289)' The sole issue is the date from which interest is computed on a transferee's liability for deficiencies in tax and additions to tax. Respondent contends that where, as is *435 the case herein, the value of the property transferred exceeds the amount of the transferor's liability, interest on the deficiencies in tax is computed from the date the tax was payable (in this case, the due date of the transferor's tax returns) and interest on additions to tax is computed from the date of notice and demand to the transferor (March 19, 1971). [1] Petitioner argues that interest should be computed from the date the statutory notice of deficiency was forwarded to the transferee (May 31, 1972) or, in the alternative, from the date of assessment against the transferor (March 19, 1971). We agree with respondent. Although the existence and extent of transferee liability is determined under state law, Commissioner v. Stern,357 U.S. 39 (1958), the amount of the *436 liability -- i.e., the deficiency in tax, additions to tax, and applicable interest -- is determined under the Internal Revenue Code. Lowy v. Commissioner,35 T.C. 393, 394-397 (1960). Section 6601(a) [2] provides, in general, that interest is payable on taxes from the last date prescribed for payment to the date paid. Generally, the last date prescribed for payment of income tax is the date the return is to be filed. Section 6151. Section 6601(e) provides, in general, that interest shall be imposed on additions to tax from the date of notice and demand to the date of payment. Interest on petitioner's liability for the deficiency in tax and addition to tax is to be computed in accordance with these rules. In our opinion (T.C. Memo. 1978-289), we held that petitioner was liable as a transferee to the extent of $27,828.72, i.e., the value of the assets received. Such amount is substantially in excess of the amounts of the deficiencies and addition to tax owed by the transferor, including interest *437 thereon computed as outlined above. Under these circumstances, Federal law controls and petitioner is liable as transferee to the extent set forth in respondent's computation. Lowy v. Commissioner,supra.See also Bos Lines, Inc. v. Commissioner,354 F.2d 830, 839-840 (8th Cir. 1965). Petitioner's reliance on Maynard Hospital, Inc. v. Commissioner,54 T.C. 1675 (1970), and Ruderman v. United States, an unreported case ( E.D.N.Y. 1964, 15 AFTR 2d 275, 65-1 USTC par. 9154), is misplaced. Those cases involve situations where the value of the transferred assets was less than the transferor's liability, i.e., the Federal fisc cannot be made whole in respect of the transferor's liability computed in accordance with Federal law. In such situations, depending upon applicable state law, the recipient of the assets may have an additional liability, not as a transferee, but as a user of the assets, for an amount representing the value of such use. Estate of Stein v. Commissioner,37 T.C. 945, 959-962 (1962); Lowy v. Commissioner,supra at 395-397. Decision will be entered *438 in accordance with respondent's computation.
Footnotes
1. The record herein states that deficiencies in tax and additions to tax were assessed against the transferor on March 19, 1971, but does not state the date of notice and demand. Petitioner, however, does not object to respondent's computation on the ground that March 19, 1971, was not the date of notice and demand and we, therefore, assume that there is no dispute regarding this point.↩
2. All section references, unless otherwise indicated, are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in question.↩