[No. 17022.   Department Two.   October 13, 1922.]

WALTER G. BOVEE, *Appellant*, v. SEIJI YAMAMOTO *et al.*, *Respondents*, J. A. DOUGAN, *Intervener, Appellant.*[1]

ESTOPPEL (62)—PERSONS ESTOPPED—BONA FIDE PURCHASER FROM ONE ESTOPPED. A *bona fide* chattel mortgagee is not estopped from asserting the priority of his mortgage by facts which, unknown to him, would estop his mortgagor from asserting ownership as against a prior mortgage given by one who had no title.

USURY (16)—EVIDENCE—BURDEN OF PROOF. Usury being an affirmative defense with the burden on the one asserting it, usury in a note of $2,000 with 12% interest is not shown by the fact that, at the time of its execution, the payee gave the maker a check for $1,750 and also made a payment to the maker's attorney, the amount of which does not clearly appear.

Appeal from a judgment of the superior court for King county, Hon. C. R. Hawkins, judge *pro tempore*, entered November 7, 1921, upon findings in favor of the defendants, in an action to foreclose a mortgage, tried to the court.   Affirmed.

*E. C. Million,* for appellant.

*Walter A. Keene,* for respondents.

MAIN, J.—The plaintiff brought this action to foreclose a chattel mortgage. The Specie Bank of Seattle, one of the defendants, answered and asserted a superior right to the property by reason of a mortgage to it upon the same property. The trustee in bankruptcy for one Seiji Yamamoto filed a complaint in interven-

[1]Reported in 209 Pac. 697.

tion, claiming the right to the property covered by the mortgages. The trial to the court without a jury resulted in findings of fact, conclusions of law and judgment sustaining the claim to the property which was asserted by the Specie Bank. From this judgment the plaintiff and intervener appeal. To avoid confusion the parties will be referred to as plaintiff, defendants and intervener.

On August 26, 1920, the plaintiff loaned to Yamamoto $2,000 and as security therefor took a chattel mortgage upon the furniture in the Eveline Apartments at 1214 East Spruce street, Seattle. On or about January 21, 1921, one Taini Katayama sold and transferred the property to T. Inouye, who at the same time gave the mortgage to the bank, under which it now asserts a superior right. The plaintiff contends that the property covered by the mortgages was owned by Yamamoto and, therefore, his mortgage right is superior. The bank contends that, at the time the plaintiff's mortgage was given, the property covered thereby was owned by Katayama. The first question, then, to be determined is one of fact, and that is, which of the parties owned the property. The evidence upon this question is in conflict. The trial court found that the title to the property was in Katayama. After carefully reading the evidence offered by the respective parties, we are of the opinion that it preponderates in favor of the holding of the trial court.

It is next contended that, even if the title to the property was in Katayama, by reason of her conduct at the time the mortgage was given to the plaintiff, she would be estopped to assert that she was then the owner of the property, and that the bank claiming through her vendee would also be estopped. Without reviewing the evidence on estoppel, it may be said that

it will be assumed that Katayama would be estopped from asserting any rights as against the plaintiff's mortgage. The question then arises whether one claiming under her vendee, who had no notice of the facts which would cause her estoppel, would also be estopped. In other words, will a person claiming title under one who is estopped from asserting ownership thereto, be bound by such estoppel in the absence of notice? The general rule is that a vendee who is a *bona fide* purchaser for value will not be estopped by facts which would work an estoppel upon his vendor unless he had actual or constructive notice of such facts. In *McCravey v. Remson,* 19 Ala. 430, 54 Am. Dec. 194, the rule is stated otherwise as to personal property, but we see no reason why a different rule should apply to personalty from that which applies to real property.

Upon the intervener's appeal, the same position is taken upon the facts as that taken by the plaintiff, but also that the plaintiff's mortgage was tainted with usury. Upon the question of usury, it appears that the plaintiff's mortgage was for the sum of $2,000 and bore interest at the rate of 12% per annum. At the time it was executed, the plaintiff gave a check to the mortgagor, Yamamoto, in the sum of $1,750, and also paid over some money to the attorney who represented Yamamoto. It does not clearly appear in the evidence just how much money in addition to the check was turned over. Usury is an affirmative defense and the burden of proof is upon the one who asserts that the transaction was usurious. 27 R. C. L. p. 266. The evidence in this case would not sustain a finding that the plaintiff's mortgage was tainted with usury.

The judgment will be affirmed.

PARKER, C. J., MACKINTOSH, and HOVEY, JJ., concur.