[No. 36234.    Department One.    March 7, 1963.]

ROBERT M. HUMPHREY *et al., Respondents,* v. WILLIAM JENKS *et al., Appellants.*\*

*Clarence J. Coleman,* for appellants.

*Newell Smith* (of *Bell, Ingram & Smith*), for respondents.

ROSELLINI, J.—This action was brought to establish a private easement over a portion of a vacated street in the

\*Reported in 379 P. (2d) 366.

Town of Mukilteo, title to the vacated portion involved being in the appellants, who own Lot 29 of West & Wheeler's Seaview 5-acre tracts, Snohomish County. The respondents own Lot 30, which adjoins Lot 29 on the south. Both properties are adjacent on the east to a road which was the Seattle-Everett Speedway at the time the plat was dedicated.

In about the year 1941 a new state highway was constructed more or less parallel to and overlapping the old speedway. This highway was graded so that a steep bank prevented convenient access from the respondents' property except through use of a driveway which ran from the northeast corner of Lot 30 along the east side of Lot 29 (on the speedway and highway right of way) to a point where it turned onto the highway. This driveway had been in use for at least 18 years at the time of the trial.

In 1958, the respondents' predecessors in title petitioned the Town of Mukilteo to vacate that portion of the old speedway which lay between their eastern boundary and the western boundary of the state highway right of way. The appellants filed a similar petition pertaining to the portion of the speedway which lay east of their property, and a petition was also filed by the owners of Lot 26, which adjoined the appellants' property on the north. These petitions were granted by an ordinance of the Town of Mukilteo.

The driveway was situated for the most part on the highway right of way, and this portion of it was not affected by the vacating of the speedway. However, a triangular portion of the driveway, 6 feet wide at its widest point and 20 feet long, lay within the confines of Lot 29, at the point where it adjoined Lot 30, as a result of the vacation of the speedway. In 1958, the appellants put up barriers at this point, thus challenging the respondents' claim of an easement in the driveway, and this lawsuit followed.

The trial court found that the easement had been established and was not extinguished by the vacating of the

speedway in front of Lot 29. On appeal, the appellants do not dispute the fact that the respondents had acquired an easement prior to the vacation of the road, but they contend that the respondents are estopped to deny that it was lost when they petitioned for vacation of that portion of the speedway which adjoined their property.

It is well established in this jurisdiction that the vacation of a platted street or alley puts an end to all interest of the public in the land, but does not affect private easements over the streets by those who have bought with reference to the plat and in reliance thereon. *Brown v. Olmsted,* 49 Wn. (2d) 210, 299 P. (2d) 564; *Howell v. King Cy.,* 16 Wn. (2d) 557, 134 P. (2d) 80, 150 A. L. R. 640; *Van Buren v. Trumbull,* 92 Wash. 691, 159 Pac. 891.

The case of *Howell v. King Cy.* is annotated at 150 A.L.R. 644, and the rule stated in the annotation is as follows:

"Where a landowner has a private right of way in a strip of land which is or subsequently becomes a public street or highway, such private right is ordinarily held to survive the vacation or abandonment of the street or highway by the public."

It is true that a lot owner, by his conduct, may estop himself from claiming such an easement. In 5 Restatement of Property § 559, p. 3299, the rule is stated as follows:

"The obligations arising out of a promise respecting the use of land are extinguished as against a person entitled to enforce them to the extent necessary to protect from unreasonable harm a person who has acted in reasonable reliance upon conduct by the person entitled to enforce the obligations if such person should reasonably have foreseen that his conduct was likely to produce the action taken."

And in 2 American Law of Property § 8.99, p. 305, the rule is similarly stated:

"An easement may be extinguished by conduct of the owner of it even though he had no intention to give up the easement. This is due to the general principle that the owner of an easement will not be permitted to change a

position once taken by him if the change would cause undue hardship to the owner of the servient tenement."

The only conduct relied upon by the appellants as creating an estoppel is that of the respondents' predecessors in petitioning for the vacation of that portion of the old speedway which lay between Lot 30 and the new highway. The portion of the driveway which is the subject of this lawsuit was not involved in that petition. The owners of Lot 30 have at no time abandoned the use of the driveway. It is their sole means of access to the highway, and they have indicated no intention of relinquishing their easement.

Most significantly, there has been no change of position on the part of the appellants which would render it inequitable to recognize the easement of the respondents. Except for the one occasion on which barriers were placed across the driveway, there has been an uninterrupted use of the driveway for 18 years. The appellants have not shown that the maintenance of the easement over the small corner of their lot would work a hardship upon them. There is nothing in the record to indicate that they intend to abandon the driveway as a means of access to their property, and it seems their sole purpose is to prevent its use by their neighbors.

The appellants cite the case of *Burmeister v. Howard,* 1 Wash. Terr. 207, and contend that it supports their view that the respondents are estopped from claiming an easement in that portion of the driveway which lies on land which was a part of the road vacated by the Town of Mukilteo. In that case, the dispute was between owners of land on opposite sides of an alley, which had been dedicated by their common grantor. Prior to the action, they had joined with other owners whose property adjoined the alley and petitioned for vacation of the alley. In their petition, they asked that the west 7 feet of the 10-foot-wide alley be given to the owners on that side, and that the remaining 3 feet be divided equally between the lot owners on both sides of the alley, alleging as a reason that the alley was of little or no use, and that the owners of lots

on the west side had relinquished 7 feet from the fronts of their lots to widen the street, thereby reducing the size of their lots. This petition was granted. Thereafter, one of the owners whose land adjoined the alley on the east side brought suit to establish his right to one half of the land adjoining his property, which had formerly been a part of the alley.

We held that, while the statute provided that, on vacation of a street or alley, the property should be divided equally between the adjoining owners, the plaintiff had, by joining in the petition to make a different division of the land, which was done and rights acquired thereby, estopped himself from asserting the right which he formerly had under the statute.

It will be seen that the case of *Burmeister v. Howard, supra,* did not involve a claim of an easement, and that the elements of estoppel were present. There was an act on the part of the plaintiff which manifested his willingness to relinquish his claim to one half of the alley adjoining his property, and as a result of which rights were acquired by others, and acted upon to the extent that it would have been inequitable to allow the plaintiff to repudiate the position taken in his petition.

Also cited by the appellants is *Rowe v. James,* 71 Wash. 267, 128 Pac. 539. In that case, the vacated street in question had been dedicated by an owner whose land extended only to the eastern boundary of the street. The owners of the property adjoining this eastern boundary brought suit to quiet title to one half of the street, contending that they were entitled to it because they had been induced by misrepresentations of the defendants to surrender their valuable rights of access, light, and air. The defendants were cotenants, and the court found that only two of them had made the false representations, which were that the plaintiffs would receive one half of the vacated street adjoining their land. Because the platter of the land had not owned land beyond the eastern boundary of the street,

the vacation of the street resulted, in law, in the vesting of the fee in the defendants.

This court held that the cotenants who had misrepresented the law, knowing it to be otherwise, were estopped to claim any right in that portion of the street which they had told the plaintiffs they would receive as a result of the vacation of the street.

In the course of the opinion, it was said that the plaintiffs, by joining in the petition for vacation, had surrendered their easements of access, light, and air. No authorities were cited. But assuming that statement was correct, it does not control the issue here. The respondents did not join in the petition for vacation of the portion of the road over which they claimed an easement, but petitioned separately for vacation of that portion which lay in front of their own property. There was no act on their part which would evidence a willingness to surrender their right to use the driveway which was their only means of access to the highway, and in fact as we have said, this driveway was located principally upon the highway right of way and not upon the vacated road.

It can be reasoned that, one who petitions for vacation of a street adjoining his property, knowing that the owner of the land on the opposite side has the fee title to the center of the street, expresses willingness to surrender his easements of access, light, and air in that portion of the street which belongs to his neighbor, just as his neighbor expresses a willingness to surrender like easements if the vacated street is to be used by the abutting owners for building purposes. But, as we have pointed out in the preceding paragraph, this is not such a case.

We conclude that the respondents are not estopped to assert the existence of the easement.

There was no conduct on the part of the respondents or their predecessors manifesting an intent to abandon their easement. Furthermore, even though it be assumed that the petition for a vacation of a portion of the road could be construed as such a manifestation, there was no reli-

ance on the part of the appellants with resulting hardship to them. The trial court did not err when it entered its order establishing the easement as prayed.

The judgment is affirmed.

OTT, C. J., HILL, HUNTER, and HALE, JJ., concur.