[No. 1032-3. Division Three. December 5, 1975.]

THE TRANS WEST COMPANY, *Appellant*, v. BOISE CASCADE CORPORATION, *Respondent*.

*Velikanje, Moore & Shore* and *John S. Moore*, for appellant.

*Hovis, Cockrill & Roy, Leonard M. Cockrill, Skeel, McKelvy, Henke, Evenson & Betts*, and *W. E. Evenson*, for respondent.

GREEN, J.—Plaintiff, Trans West Company, brought this action to quiet title to timber claimed by the defendant,

Boise Cascade Corporation, under a timber deed. From a judgment in favor of defendant, plaintiff appeals. We affirm.

The parties claim their rights through various conveyances from a common grantor, Pioneer State Bank of Goldendale, who originally owned the land and the timber. By deed dated December 13, 1938, the bank conveyed the land to William Hoctor, reserving the timber.[1] On December 17, 1938, the bank by quitclaim deed conveyed the timber to Pioneer Credit Corporation.[2]

Defendant's timber rights come through a series of conveyances originating with the timber deed from the bank to Pioneer Credit. On November 14, 1947, Pioneer Credit conveyed to Longview Fibre Co. "all merchantable timber" on the land with a right to cut and remove it within 25 years. At the end of that time the timber rights would revert to the then owner of the land.[3] Without warranty, Longview

---

[1] "All timber . . . [on the land] together with the right of ingress and egress over and upon all of the above described real property for the purpose of building roads, bridges and all other ways necessary or convenient in removing said timber from said premises, together with the right to use all such roads, bridges and ways for the removal of timber owned by the grantor on lands adjoining the above described lands."

[2] "All of the timber . . . [the land], together with the right of ingress and egress over and upon all of the last above described real property for the purpose of building roads, bridges, and all other ways necessary or convenient for the removal of said timber from the said premises . . .

"To HAVE AND To HOLD the said premises, with all their appurtenances unto the said party of the second part and to its successors and assigns forever."

[3] "All merchantable timber growing upon . . . [the land], together with the right to enter upon said land in person or by agents and employees and cut and remove therefrom at any time within the twenty-five years from the date hereof the timber herein conveyed; together with the right of ingress and egress over and upon all of the above described real property for the purpose of building roads, bridges and all other ways necessary or convenient in removing said timber from said premises, . . . and after said period of time all merchantable timber not cut and removed shall revert to and be the property of the then owners of said real property, their heirs and assigns."

Fibre conveyed to Cascade Lumber Co. all of their interest in the timber. Thereafter, Cascade Lumber merged with the defendant, Boise Cascade, who claims the timber on plaintiff's land under the 25-year timber deed.

On the other hand, plaintiff's title to the land comes through a series of conveyances originating with the bank's deed to Hoctor in 1938. Each successive conveyance of the land was expressly subject to the reservation of the timber rights and after 1947 subject also to the 25-year timber deed. Plaintiff acquired a portion of the land in question in 1969 and the remainder in 1970, expressly subject to the timber rights of Pioneer Credit, their successors and the defendant.

Plaintiff contends that it owns the timber on its land because: (1) A grant or reservation of timber is only for a reasonable period of time unless there is a clear and definite indication in the deed of an intent to grant or reserve the timber in perpetuity, *Leuthold v. Davis*, 56 Wn.2d 710, 355 P.2d 6 (1960); (2) No time is specified in the reservation contained in the deed from the bank to Hoctor, nor in the grant of the timber by the bank to Pioneer Credit and, therefore, the reservation and grant were only for a reasonable time; (3) Pioneer Credit could not extend the reasonable time limitation to 25 years by its timber deed to Longview Fibre; (4) The trial court found that 1938 to 1971 was more than a reasonable time to remove the timber; and (5) A reasonable time having expired, the timber reverted to the owner of the land—the plaintiff.

On the other hand, defendant contends that: (1) The reservation and grant of timber rights by the bank was in perpetuity; and, if not, (2) Plaintiff is estopped to deny defendant's rights under the 25-year timber deed expiring November 14, 1972.

Prior to trial, the parties informed the court that on October 14, 1971, plaintiff conveyed a portion of the land involved to the defendant under an agreement reserving their respective claims to the timber. Under that agreement the disposition of the timber rights as between the parties

would depend upon who was determined in this action to be the owner of the timber on October 14, 1971.

The trial court held that: (1) The timber deed from the bank to Pioneer Credit granted a right to remove timber in perpetuity; (2) All parties deriving title to the land took subject to the timber rights of Pioneer Credit and its successors in interest; and (3) The doctrine of estoppel bars plaintiff's claim. Plaintiff assigns error to the findings of fact giving rise to these conclusions.

Assuming arguendo that the original deeds reserved and conveyed timber rights only for a reasonable time and that time had expired, we nevertheless hold that the trial court correctly determined that plaintiff is estopped to challenge the defendant's timber rights of October 14, 1971.

■■ Plaintiff contends that the elements giving rise to equitable estoppel have not been proved by substantial evidence. We disagree. The necessary elements to be proved by the party asserting equitable estoppel are summarized in *Hill v. L.W. Weidert Farms, Inc.*, 75 Wn.2d 871, 874, 454 P.2d 220 (1969):

> (1) An admission, statement, or act inconsistent with the claim afterwards asserted; (2) action by the other party on the faith of such admission, statement, or act; and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement, or act.

Hoctor, the original grantee, testified that he purchased the land in question from the bank for grazing purposes and that he did not pay for the timber, nor did he own it. When he sold the land, his grantees and their grantees testified, they purchased land, not the timber. Each grantee testified he purchased the land subject to the express reservation of timber rights as reflected in the conveyances of record. They paid taxes on the land but never on the timber. They knew that the defendant and its predecessors were conducting maintenance activities with respect to the timber on the land, and neither objected or attempted to exercise any control over the timber. Bert Wilkins, one of plaintiff's

immediate predecessors, was the only one other than plaintiff to question defendant's timber rights. This did not occur until 1970, 3 to 6 years after his purchase of the land and this question was settled between them. Mr. Wilkins, a logger, admitted that his predecessor did not sell him the timber, that he paid only for the land, and that he paid taxes on the land but never paid taxes on the timber. This knowledgeable silence and acquiescence by plaintiff's predecessors in the timber rights of defendant and its predecessors is sufficient to establish the first element of estoppel.

Plaintiff, however, contends that it is not estopped by this conduct of its predecessors, citing *Bovee v. Yamamoto*, 121 Wash. 517, 519, 209 P. 697 (1922), in which the court states:

> The general rule is that a vendee who is a *bona fide* purchaser for value will not be estopped by facts which would work an estoppel upon his vendor unless he had actual or constructive notice of such facts.

We find this rule inapplicable in that plaintiff does not qualify as a bona fide purchaser without notice of the facts which would estop his predecessors in this action against defendant. Plaintiff's own attorney,[4] a corporate officer, testified that prior to the purchase he was fully aware of the outstanding timber rights and the record title with respect thereto "which probably could not be settled without litigation unless it was to negotiate it with Boise Cascade." It would be inequitable to permit plaintiff to purchase a lawsuit and then claim lack of actual or constructive notice of all the facts pertinent to the action. The applicable rules are summarized in 31 C.J.S. *Estoppel* § 133 (1964):

> An estoppel of a grantor by conduct to assert title to property may extend to his grantee, at least where the grantee does not occupy the status of a bona fide purchaser for value. . . . Where a grantee at the date of his purchase or grant to him knew of the existence of the facts which operate as a bar to the claim of his grantor, this knowledge will bar him; *and this is the case where*

---

[4] Not counsel of record.

*he has knowledge which would have put him on inquiry, such as would have led to a knowledge of the facts.*

(Italics ours. Footnotes omitted.) *See Humphrey v. Jenks,* 61 Wn.2d 565, 379 P.2d 366 (1963).

With respect to the second element of estoppel, defendant and its predecessors in interest built and maintained logging roads, removed older timber that would not survive (sanitizing), paid timber and fire patrol taxes, checked the area for fire hazards, and otherwise managed the timber pursuant to their rights under the timber deed. Again, the record reveals that most of these acts were done with the knowledge of plaintiff's predecessors and without objection. However, plaintiff argues that no evidence was produced to show that defendant relied on any acts of plaintiff or its predecessors. We disagree. Defendant's answers to interrogatories indicate that while it could have logged the timber at an earlier time, it relied upon its unquestioned 25-year timber deed in electing to defer harvest of the timber. Defendant's payment of taxes and continuous acts of maintenance and management of the timber manifest that reliance.

Plaintiff argues that defendant had no right to rely upon mere silence or acquiescence in view of the record title to the timber and the land which imputed equal knowledge to the predecessor of each party. *See Harms v. O'Connell Lumber Co.,* 181 Wash. 696, 701, 44 P.2d 785 (1935). The difficulty with plaintiff's position is that the record title does not clearly establish that defendant did not have a 25-year right to the timber in question. As evidenced by the forceful presentation of both parties in their briefs on appeal, whether the original grant of timber rights was in perpetuity or for only a reasonable time presents a question of fact as well as one of law. Although we need not resolve that issue in the present case, the existence of an issue of fact is sufficient to defeat plaintiff's contention that estoppel cannot apply because the property rights of the parties appear of record. *Harms v. O'Connell Lumber Co., supra* at 701. Defendant's reliance upon the

silence and acquiescence of plaintiff's predecessors in interest satisfies the second element of estoppel.

Regarding the third element of estoppel, it is obvious that to allow plaintiff to contradict the position of its predecessors as evidenced by their deeds and testimony as to their conduct would result in injury to defendant through forfeiture of its rights to cut timber.

For the foregoing reasons, we hold that the trial court correctly concluded that plaintiff was estopped to deny defendant's timber rights of October 14, 1971.

We have assumed arguendo that the original grant and reservation of timber rights was for a reasonable time and on that basis agree with the trial court that such time has expired. However, we have determined that plaintiff is estopped to rely upon these conclusions in denying defendant's timber rights of October 14, 1971. Under similar circumstances, the court in *McFadden v. Allen-Nelson Mill Co.*, 150 Wash. 249, 263, 272 P. 714 (1928), allowed a defendant a reasonable time from the termination of the action within which to remove the timber. Here, we need not make such determination because the parties have stipulated as to their respective timber rights depending upon the outcome of this action.

Affirmed.

McINTURFF, C.J., and MUNSON, J., concur.

Petition for rehearing denied January 7, 1976.

Review denied by Supreme Court March 9, 1976.