[No. 44511-1-I.   Division One.   August 28, 2000.]

JOSEPH E. KINNEBREW, ET AL., *Respondents*, v. CM TRUCKING & CONSTRUCTION, INC., *Appellant*.

*Joseph L. Broadbent*, for appellant.
*John R. Schultz*, for respondents.

APPELWICK, J. — CM Trucking & Construction, Inc. (CM Trucking) and Joseph E. Kinnebrew entered into a time and materials contract. Kinnebrew contested the billing and failed to pay under the contract. CM Trucking filed a claim of lien on the property based on chapter 60.04 RCW. Kinnebrew filed an action to dismiss the lien and CM Trucking counterclaimed to foreclose the lien. Unable to obtain financing, Kinnebrew requested a lien release, and CM Trucking agreed to release the lien in return for a surety deposit into the court registry. CM Trucking conditioned the lien release on a reservation of a right to claim attorney fees under chapter 60.04 RCW. Kinnebrew contends attorney fees do not apply where the lien was released prior to trial and that the reservation was unilateral. We find that CM Trucking is entitled to attorney fees because the dispute is related to the lien foreclosure. We also find Kinnebrew acquiesced to the reservation and is therefore estopped from contesting attorney fees. Reverse and remand.

## FACTS

CM Trucking is a Washington corporation engaged in construction work, excavation, trucking, and sale of rock.

Joseph E. Kinnebrew is the owner of real property in Skagit County, Washington. On October 14, 1997, Kinnebrew and CM Trucking entered into an oral contract to modify Kinnebrew's driveway in return for $75 for one hour of equipment time. On November 3, 1997, Kinnebrew and CM Trucking entered into a written "Time and Materials" contract. Kinnebrew agreed to pay CM Trucking for time and materials expended on the property at Kinnebrew's request and CM Trucking promised to provide fill material for free.

CM Trucking performed work under the time and materials contract between November 3, 1997, and January 14, 1998. The work included digging ponds on site, digging a ditch at the base of a contemplated waterfall, loading excavated rock onto trucks, moving rock to various areas on the site, landscaping, placing clay in ponds, moving garbage piles, and burying a propane tank. CM Trucking and Kinnebrew disputed the time and materials contract billings. Kinnebrew did not pay CM Trucking for its work.

On March 31, 1998, CM Trucking filed a labor and materials lien for $5,968.62. Kinnebrew alleged that the lien prevented him from obtaining construction financing. On May 5, 1998, Kinnebrew filed suit against CM Trucking to have the lien dismissed, disputing the amount due under the time and materials contract, making a claim on the contractors bond, and alleging damages from impaired financing. On June 18, 1998, CM Trucking answered Kinnebrew's complaint and counterclaimed to foreclose on the lien, making a demand for attorney fees and costs pursuant to RCW 4.84.185 and RCW 4.84.250.

Kinnebrew's counsel sent a letter to CM Trucking on July 9, 1998, requesting a lien release because the lien impaired Kinnebrew's construction financing. Kinnebrew offered to interplead the disputed lien amount into court in exchange for release of the lien. The interplead amount would provide a fund that could be litigated between the parties, and the release of the lien would allow Kinnebrew to obtain construction financing.

In a July 13, 1998 letter, CM Trucking agreed to release the lien after Kinnebrew deposited the disputed lien amount to the court. The letter stated that "by signing the release of lien, we are not giving up any of our rights under the lien statute to recover court costs and attorneys' fees, or any claim amounts in excess of the amount of the lien, as set forth in our counterclaim." Kinnebrew never responded to or acknowledged CM Trucking's statement regarding attorney fees. Kinnebrew deposited $5,968.62 into the court registry and recorded the lien release.

A five-day trial commenced on November 23, 1998, in the Skagit County Superior Court. The trial court ruled against Kinnebrew on all claims and entered judgment in favor of CM Trucking on its counterclaim in the amount of $5,562.12.

On February 5, 1999, the trial court held a hearing for entry of findings of fact, a request for sanctions against Kinnebrew's counsel, and a request for CM Trucking's attorney fees. The court concluded that CM Trucking's release of the lien took the matter outside the lien foreclosure statute, precluding recovery of costs and attorney fees under RCW 60.04.181. The court reasoned that absent an affirmative agreement by Kinnebrew, he was not estopped from arguing that the release of the lien precluded an award of attorney fees. The court stated that "denial of costs and [attorney] fees is contrary to intent of the statute," and that "this is a case where [the court] would otherwise be very inclined to award attorney fees."

CM Trucking's motion for reconsideration was denied. The court ruled that "once the lien is released by the lien claimant, there is no longer any lien to foreclose and the action cannot thereafter be characterized as a lien foreclosure action." CM Trucking now appeals.

## ANALYSIS

CM Trucking raises three issues on appeal: (1) whether it is entitled to attorney fees under RCW 60.04.181; (2)

whether Kinnebrew is estopped from denying that CM Trucking is entitled to attorney fees; and (3) whether attorney fees should be awarded on appeal.

## Standard of Review

■■ A superior court has no power to award attorney fees unless authorized by statute, contract, or on equitable grounds. *Bongirno v. Moss*, 93 Wn. App. 654, 657, 969 P.2d 1118 (1999). The trial court is given broad discretion in fixing attorney fees. *Schmidt v. Cornerstone Invs., Inc.*, 115 Wn.2d 148, 169, 795 P.2d 1143 (1990).

■ Interpretation and construction of a statute is a question of law to be reviewed de novo. *Lumberman's of Wash., Inc. v. Barnhardt*, 89 Wn. App. 283, 286, 949 P.2d 382 (1997). Appellate courts should construe a statute according to its plain language, and where a statute is unambiguous, statutory construction is improper. *Id.* at 286. Lien statutes should be liberally construed to protect those within the scope of the statute. RCW 60.04.900. But one claiming the benefit of a statutory lien must show that they have strictly complied with the provisions of the law that created it. *Id.*; *Pacific Gamble Robinson Co. v. Chef-Reddy Foods Corp.*, 42 Wn. App. 195, 198, 710 P.2d 804 (1985).

## Attorney Fees under RCW 60.04.181

The parties dispute whether CM Trucking falls within the class entitled to attorney fees under RCW 60.04.181(3). The attorney fees provision provides:

> The court may allow the prevailing party in the action, whether plaintiff or defendant, as part of the costs of the action, the moneys paid for recording the claim of lien, costs of title report, bond costs, and attorneys' fees and necessary expenses incurred by the attorney in the superior court, court of appeals, [or] supreme court . . . . Such costs shall have the priority of the class of lien to which they are related, as established by subsection (1) of this section.

The trial court ruled that CM Trucking did not fall within the purview of the statute because the lien was released before the trial began. The trial court concluded that the subsequent trial was not a lien foreclosure action, precluding recovery of attorney fees and costs under RCW 60.04.181.

The November 23, 1998, trial was based on the time and materials contract. Kinnebrew argues that although CM Trucking originally counterclaimed to foreclose its lien on real property, the lien foreclosure was not the matter litigated at trial. Therefore, Kinnebrew contends that the lien release took the matter outside of the lien foreclosure statute and precluded attorney fees.

■ CM Trucking contends that it is entitled to attorney fees. The company claims that the intent of the statute is to protect lien claimants, and that the statute should be liberally construed in its favor. Therefore, CM Trucking argues that although the lien was released before trial, the complaint and counterclaim were based on a lien dismissal and lien foreclosure. CM Trucking argues that because its claim of lien on Kinnebrew's property initiated the litigation, the lien statute applies even where the lien is released prior to trial. We agree.

CM Trucking relies on two cases where the court awarded attorney fees despite finding the underlying lien invalid. In *Schumacher Painting Co. v. First Union Management, Inc.*, 69 Wn. App. 693, 850 P.2d 1361 (1993), a subcontractor appealed a summary judgment dismissing the lien foreclosure against a bank for failure to timely include all necessary parties in the original claim of lien. The court held that the subcontractor did not comply with notice requirements. Therefore, the lien expired and the court declared the foreclosure action void. *Id.* at 700. The court awarded the bank attorney fees under former RCW 60.04.130 (1975). The subcontractor disputed the attorney fees award where the bank was unsuccessful on one of its claims on appeal. *Schumacher*, 69 Wn. App. at 701-02. The court stated that

the unsuccessful claim "was related to the lien foreclosure action on which it prevailed." *Id.* at 702.

CM Trucking also cites *Lumberman's of Wash., Inc. v. Barnhardt*, 89 Wn. App. 283, 286, 949 P.2d 382 (1997). In *Lumberman's*, a supplier of building materials filed a materialman's lien against homeowners based on materials supplied to a construction site. At trial, the homeowners contested the validity of the lien and requested attorney fees under RCW 60.04.181(3). The court held that the supplier's claim of lien was invalid because it lacked a signed verification statement as required under RCW 60.04.091, and it could not be amended outside the 90-day statutory time period for filing claims of lien. *Lumberman's*, 89 Wn. App. at 284. Nonetheless, the appellate court affirmed the trial court's award of attorney fees to homeowners. *Id.* at 291-92.

A lien is extinguished when paid. *Pierce County v. O'Neill*, 77 Wn. App. 126, 136-37, 890 P.2d 504 (1995) (citing *Wenatchee Prod. Credit Ass'n v. Pacific Fruit & Produce Co.*, 199 Wash. 651, 662, 92 P.2d 883 (1939)). Kinnebrew contends that CM Trucking's lien was extinguished and is, therefore, outside the statute. He claims that the agreement to release the lien in return for a surety deposit extinguished CM Trucking's lien. Kinnebrew argues that the lien was paid because consideration flowed both ways.

In *O'Neill*, the appellate court reversed the trial court's judgment foreclosing a lien for unpaid sewer damages. The appellant paid the balance on the outstanding lien, but did not pay the assessed foreclosure costs. The respondent filed an amended lien reflecting additional interest and costs. The court held that there was no statutory authority for adding foreclosure costs to a sewer lien. *O'Neill*, 77 Wn. App. at 136. The court concluded that the "lien having been extinguished before trial, the County had no lien at the time of trial. Thus, it was not entitled to foreclosure, and its amended complaint should have been dismissed . . . ." *Id.* at 137.

Here, Kinnebrew did not pay the lien. The lien was released pursuant to an agreement that provided that surety funds would be deposited in the court registry. The lien was released as an accommodation. This kind of cooperation should be encouraged. The fact that CM Trucking voluntarily extinguished the lien on real estate in favor of a continuing claim of lien on the registry funds does not remove the case outside the reach of the statute.

A lien statute should be liberally construed to protect the lien claimant. RCW 60.04.900. In *Lumberman's* and *Schumacher*, attorney fees were awarded under the lien statute even where the lien was found invalid and the foreclosure action was dismissed. Here, CM Trucking initially filed a lien against Kinnebrew and brought an action to foreclose the lien. The case had gone to trial without the release, and the validity of CM Trucking's lien was not in question. The question was whether the underlying debt was owed. We find that CM Trucking is entitled to attorney fees under RCW 60.04.181.

## Estoppel

CM Trucking also contends that Kinnebrew is estopped from contesting attorney fees. CM Trucking argues that it reserved the right to receive attorney fees when it agreed to release the lien, and stated that "we are not giving up any of our rights under the lien statute to recover court costs and attorneys' fees . . . ."

The trial court refused to award attorney fees. The court reasoned that the attorney fees claim was an issue that needed to be agreed upon separately. The court stated that although CM Trucking agreed to release the lien in return for a deposit of the disputed amount to the court, "there has not been any affirmative representations by Mr. Kinnebrew or his counsel that would indicate that they agree to the reservation of the attorney's fee claim, under the lien statute."

■ ■ The doctrine of equitable estoppel precludes a party from asserting a claim or position based on equitable principles. The elements of equitable estoppel are: (1) an admission, statement, or act inconsistent with the claim afterwards asserted; (2) action by the other party on the faith of this admission, statement, or act; (3) injury to such other party resulting from allowing the first party to contradict or repudiate the admission, statement, or act. *Seattle Pump Co. v. Traders & Gen. Ins. Co.*, 93 Wn. App. 743, 749, 970 P.2d 361 (1999); *Saunders v. Lloyd's of London*, 113 Wn.2d 330, 779 P.2d 249 (1989). Estoppel is not favored and the party asserting estoppel must prove each element by clear, cogent and convincing evidence. *Berschauer/Phillips Constr. Co. v. Seattle Sch. Dist. No. 1*, 124 Wn.2d 816, 831, 881 P.2d 986 (1994); *Colonial Imports, Inc. v. Carlton N.W., Inc.*, 121 Wn.2d 726, 734, 853 P.2d 913 (1993).

Here, the issue is whether Kinnebrew made an admission, statement, or act that it agreed to the reservation of CM Trucking's attorney fees claim under RCW 60.04 -.181(3). If Kinnebrew acted inconsistently with its present position, then the first element of estoppel is satisfied. CM Trucking argues that by recording the lien and depositing the disputed funds in the court registry, Kinnebrew made an admission that he agreed on the attorney fees reservation. Further, CM Trucking argues that it is entitled to attorney fees because Kinnebrew offered no opposition to the attorney fees reservation and accepted the benefit of the release. We hold that Kinnebrew was estopped from contesting attorney fees under RCW 60.04.181.

CM Trucking argues that Kinnebrew's nonopposition to the reservation clause is sufficient to establish the first element of estoppel. In *Trans West Co. v. Boise Cascade Corp.*, 14 Wn. App. 520, 544 P.2d 43 (1975), the court considered whether plaintiff was estopped from denying defendant's rights under a 25-year timber deed on plaintiff's land. Plaintiff acquired the land after a series of conveyances. Each conveyance was expressly subject to the

25-year timber deed. Plaintiff's predecessors each admitted that they purchased the land subject to an express reservation of timber rights. *Id.* at 523-24. The court held that the "knowledgeable silence and acquiescence by plaintiff's predecessors in the timber rights of defendant and its predecessors is sufficient to establish the first element of estoppel." *Id.* at 524.

In *Board of Regents v. City of Seattle*, 108 Wn.2d 545, 741 P.2d 11 (1987), the State challenged a city ordinance requiring payment of street use fees and removal of a sky bridge over Seattle's Fourth Avenue located in a tract of land owned by the State. In 1906, 75-years prior to challenging the ordinance, a default judgment of condemnation was entered against the State, where the city acquired an "easement for street purposes." *Id.* at 547. In 1908, the State filed a complaint to quiet title of a portion of land that encompassed Fourth Avenue, stipulating that the suit would not affect any prior condemnation by the city.[1] In 1984, the State argued that the 1906 condemnation judgment was void. The court held that the 1908 stipulations were inconsistent with the State's position and that the State was estopped from challenging the 1906 condemnation judgment. *Id.* at 554. Further, the court stated that "the State's 75-year vigil of silence supports our conclusion that the State has acted inconsistently with its present claim." *Id.* at 555.

■■■ Here, Kinnebrew benefited by filing the lien release. He initially requested the release to enable construction financing. CM Trucking agreed to release the lien in return for a deposit of surety funds and a reservation of attorney fees. Kinnebrew recorded the lien release and deposited the surety funds into the court registry. He now says that CM Trucking is not entitled to attorney fees under the reservation. We disagree. If Kinnebrew objected to the reservation,

---

[1] The superior court quieted title of the tract of land to the State, "excepting therefrom the portion thereof condemned for 4th Ave." *Board of Regents*, 108 Wn.2d at 548.

he should have notified CM Trucking before recording the release of lien. Kinnebrew's acquiescence in the agreement with CM Trucking estops him from contesting the attorney fees reservation.

Kinnebrew admits to receiving the July 13, 1998, letter that reserves the right to attorney fees under the lien statute. We find that Kinnebrew's knowledge of the reservation clause, and his subsequent silence, is sufficient to establish the first element of estoppel. By benefiting from the lien release, and failing to object to the attorney fees reservation, Kinnebrew acted inconsistently with his present position. In releasing the lien, CM Trucking relied on Kinnebrew's acquiescence to the reservation of attorney fees. Allowing Kinnebrew to contradict his position would cause injury to CM Trucking. The elements of equitable estoppel are met. *Seattle Pump Co.*, 93 Wn. App. at 749.

### Attorney Fees on Appeal

CM Trucking argues that attorney fees should be awarded on appeal pursuant to RCW 60.04.181 and RAP 18.1(a). We agree. Attorney fees on appeal should be included. We remand to the trial court to determine the attorney fees on appeal.

We reverse on each ground and remand only to determine the amount of attorney fees.

BAKER and COX, JJ., concur.