[No. 6793.  Decided January 15, 1908.]

G. H. Brown *et al., Appellants,* v. W. P. Trimble *et al.,*
*Respondents.*[1]

Mechanics' Liens—Notice—Amendment—Sufficiency of Order.
In an action to foreclose a mechanics' lien, leave to amend a com-
plaint which set forth an indefinite notice of lien does not authorize
the filing of an amended notice of lien, under Bal. Code, § 5904,
authorizing the amendment of a notice by order of the court, and a
notice filed without leave is properly treated as an original notice,
and is insufficient if not filed in time.

Appeal from a judgment of the superior court for Kitsap
county, Yakey, J., entered September 12, 1906, upon find-
ings in favor of the defendants, after a trial on the merits
before the court without a jury, dismissing an action to fore-
close a mechanics' lien. Affirmed.

*Frank B. Sayre,* for appellants.
*John G. Barnes,* for respondents.

Mount, J.—The appellants brought this action to fore-
close a lien for a balance alleged to be due for plumbing and
materials used in the construction of a certain building. The
lien notice described the premises as follows:

"That certain building or structure situate upon the fol-
lowing described property, to wit: Blake Island in the county
of Kitsap, state of Washington."

The defendants filed a general demurrer to the complaint.
This demurrer was sustained upon the ground that the de-
scription of the premises upon which the lien was sought to be
foreclosed was not sufficiently definite, it being conceded that
Blake Island was composed of some four or five hundred acres
of land, all of which was not owned by the defendants. Leave
was thereupon granted to the plaintiffs to amend the com-

[1]Reported in 93 Pac. 317.

plaint.    Subsequently, on February 5, 1906, plaintiffs filed with the county auditor of Kitsap county another lien notice. Thereupon the plaintiffs filed what was termed an amended complaint, setting up this last-mentioned lien notice and praying foreclosure thereof for balance alleged to be due.    The respondents filed an answer denying generally all the allegations of the complaint.    The cause then came on for trial. The plaintiffs offered in evidence the last-named lien notice, which showed upon its face that the last services and materials were furnished on May 13, 1905, and that the lien notice was not filed until February 5, 1906, more than eight months intervening between the date of the last labor and materials furnished and the date of the filing of the lien notice.    On objection, the court excluded this evidence.    The statute requires the lien notice to be filed within ninety days from the date of the cessation of labor or the furnishing of materials. Bal. Code, § 5904 (P. C. § 6106).

Appellants contend that the notice in this case was an amended notice, and that the court should have received the same in evidence under the provisions of the same section, as follows:

"And such claim of lien may be amended in case of action brought to foreclose the same by order of the court, as pleadings may be in so far as third parties shall not be affected by such amendment."

Conceding, without deciding, that an amendment to a lien notice may be made after the expiration of the ninety-day period, the amendment of the lien notice in this case, if the notice last filed may be said to be an amendment, was not filed or amended *by order of the court.*    Permission to amend the complaint did not authorize the appellants to file a new lien notice or even to amend the original lien notice.    If the appellants desired to amend the lien notice as well as the complaint, the application and order therefor should have been so stated.    Not having done so, we think the trial court was

right in treating the subsequent lien notice as an original
notice which was filed out of time, and therefore of no force.

It is not necessary to discuss other points in the case. The
judgment must therefore be affirmed.

HADLEY, C. J., CROW, RUDKIN, and FULLERTON, JJ., concur.

DUNBAR and ROOT, JJ., took no part.