[No. 38491.    Department Two.    October 6, 1966.]

FRED C. DORSEY, *Appellant*, v. BRUNSWICK CORPORATION, *Respondent*.*

*Conrad, Kane & Vandeberg*, by *Elvin J. Vandeberg*, for appellant.

*Gordon, Sager, Honeywell, Malanca & Peterson*, by *Valen H. Honeywell*, for respondent.

BIRDSEYE, J.†—Respondent sold certain bowling alley equipment to Noah L. Losk and took a chattel mortgage to secure the purchase price of approximately $100,000. The portion of the instrument that purports to be an affidavit of good faith is as follows:

State of Washington⎱
County of Pierce    ⎰ ss
The undersigned, being duly sworn, deposes and says that he is the Mortgagor named in the foregoing instrument, and that the same was made in good faith for the purposes

*Reported in 418 P.2d 732.

†Judge Birdseye is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

set forth in said instrument, without any desire to hinder, delay or defraud creditors.

(NOTARIAL SEAL)

> Frances A. Christoffersen
> Notary Public
> Residing at Tacoma

My commission expires 13 Dec. 61

No payments were ever made on the obligation secured by the mortgage and respondent foreclosed, bidding the property in at sheriff's sale for $65,000. Within 4 months thereafter Noah L. Losk went into bankruptcy and appellant was appointed as trustee. This action was then instituted to recover the mortgaged property, or its value, as an alleged preference on the theory that the instrument did not have an affidavit of good faith as required by law. The trial court ruled that the affidavit was legally sufficient. With this conclusion, we must disagree.

The actual mortgagor was N. L. Losk. His signature appears at the bottom of the mortgage and it is acknowledged by Frances A. Christoffersen, a notary public. However, Mr. Losk did not sign what was intended to be the affidavit of good faith, there is no reference of any kind to him in that portion of the instrument, nor is there any recitation that an oath was administered to the mortgagor. No statement is attributed to Mr. Losk on the subject of his good faith or on the lack of his desire to hinder, delay or defraud creditors. On these vital matters he is silent.

The purported affidavit bears the signature of the notary public Frances A. Christoffersen, but of course she is not the mortgagor nor was she acting for him in any capacity.

The mortgagor's affidavit of good faith is expressly required by RCW 61.04.020. If there is no such affidavit, the mortgage is void as against all creditors, existing and subsequent. *Oliver v. Electrical Prods. Consol.*, 59 Wn.2d 276, 367 P.2d 618 (1961). To accept respondent's contention that the instrument is sufficient would be to abrogate the statute and to overrule the cases holding the law to be mandatory.

The court, in *In re Jesse*, 286 Fed. 305 (9th Cir. 1923),

had occasion to consider this state's requirement of an affidavit of good faith on a chattel mortgage. The instrument with which they were concerned was acknowledged and bore the usual form of affidavit. This was signed by the mortgagor, but the jurat to the affidavit was not signed by anyone, although the notary public who had subscribed to the acknowledgment had affixed his seal opposite the place where his signature should have been. This was held to be a fatal defect rendering the chattel mortgage void, the court saying:

> The statute being specific in requiring an affidavit of good faith, its provisions, of course, must be complied with, and in our opinion a mortgage that fails to show that an oath was administered is lacking in an essential and important requisite, which cannot be dispensed with. A creditor examining the record would conclude that no oath had been administered to the parties, and could well say that, as the mortgage had no affidavit as required, it was void as against him.

Our own court, in the early case of *Tacoma Grocery Co. v. Draham*, 8 Wash. 263, 36 Pac. 31 (1894), was concerned with the validity of an attachment based on a paper in the form of an affidavit. It was signed by the attorney for the attaching creditor but no officer had signed the jurat. In holding that the instrument was no affidavit at all, the court pointed out that there was nothing to show that the facts set up in the paper ever had their truth vouched for by the oath of any person.

We are mindful of our rule that affidavits of this nature are to be liberally construed in the absence of fraud or suspicious circumstances. *First Nat'l Bank of Yakima v. Oppenheimer*, 123 Wash. 290, 212 Pac. 164 (1923). But this principle does not become operative until there is some kind of an affidavit to apply to; it does not excuse the total absence of a statement sworn to by the mortgagor.

Nor is it any answer to say that no one was misled—that it would be apparent to anyone searching the record that the bowling alley equipment was subject to a mortgage. Were this the test, a chattel mortgage would never fail for lack of an affidavit of good faith. Moreover, we will never

know how many prospective creditors of Mr. Losk, before extending credit, did examine the records, found appellant's chattel mortgage and realized that it was ineffective.

The mortgage before us is void as to appellant who represents the creditors of the mortgagor. However, the property that was the subject of the lien has been sold by respondent and consequently appellant is relegated to a money judgment for its value at the time of its conversion. Although respondent bid the property in at sheriff's sale for $65,000, at the time of trial the company testified (by way of an answer to an interrogatory admitted by stipulation) to a valuation of $55,000. There was no other evidence on the subject and the trial court made no finding of fact on the point. On oral argument before this court, counsel for appellant stated that no further evidence is available and that no useful purpose would be served by remanding the case for further proceedings in this area.

We accept the valuation of $55,000, declining to hold respondent liable for the amount of its paper bid at the sheriff's sale. It would be inequitable to penalize respondent for its willingness to minimize the amount of the mortgagor's deficiency by making a generous bid. Moreover, forced sales are ordinarily not admissible as evidence of value. *State v. Calkins,* 50 Wn.2d 716, 314 P.2d 449 (1957). The award for $55,000 will be subject to interest at the legal rate from the date of the foreclosure sale, December 20, 1962.

The judgment is reversed and the case remanded to the trial court with instructions to enter judgment for appellant in accordance herewith.

ROSELLINI, C. J., DONWORTH, WEAVER, and HAMILTON, JJ., concur.