[No. 20607-2-II. Division Two. December 19, 1997.]

LUMBERMAN'S OF WASHINGTON, INC., *Appellant*, v. DANIEL E. BARNHARDT, ET AL., *Respondents*.

*Stuart J. Sinsheimer* of *Sinsheimer & Meltzer*, for appellant.

*Dennis P. Greenlee, Jr.*, of *McGavick Graves*, for respondents.

BRIDGEWATER, J. — Lumbermen's of Washington, Inc.,* appeals the trial court's order finding its claim of lien invalid. We hold that Lumbermen's claim of lien, which lacked a signed verification statement and therefore did not substantially comply with RCW 60.04.091, was invalid. We also hold that an invalid claim of lien cannot be amended outside the 90-day statutory time period for filing claims of lien. We affirm.

Lumbermen's entered into a contract on December 21, 1994, with Lloyd Thola Construction, Inc., to supply building materials for the construction of a residence for Dan and Karen Barnhart.* On January 6, 1995, Lumbermen's mailed to the Barnharts a copy of a notice of intent to lien.

---

*We have used the correct spelling in the opinion.

Lumbermen's supplied building materials to the construction site until March 1. When Thola failed to pay for the materials, Lumbermen's filed a notice of claim of lien on April 28, 1995, under Pierce County Auditor's number 9504280721, in the amount of $14,559.44.[1] The claim of lien was signed by Lumbermen's and notarized, but the verification statement, which required the claimant to swear that he believed the claim to be just, was never signed. Lumbermen's informed the Barnharts of the claim of lien on May 5, 1995, and filed a summons and complaint to foreclose the lien on July 14. On September 5, without a court order, Lumbermen's filed an "amending claim of lien," which included a signed verification statement. Lumbermen's filed a motion for summary judgment to foreclose the lien on October 6.

During oral argument in the trial court on December 8, 1995, Lumbermen's moved to amend the April 28 claim of lien by court order and again moved to foreclose the lien by summary judgment. Lumbermen's conceded that the original claim did not substantially comply with the requirements of RCW 60.04.091 because it lacked a signed and acknowledged verification statement. Nevertheless, Lumbermen's contended that the original claim of lien could be amended by court order because the Barnharts would suffer no prejudice and because the amended claim of lien would relate back to the original filing date of April 28, 1995. The trial court issued an order on April 5, 1996, denying Lumbermen's motion to amend and stating that the original claim of lien recorded on April 28, 1995, was invalid and unenforceable because it did not substantially comply with RCW 60.04.091. The court denied Lumbermen's motion for summary judgment and dismissed Lumbermen's complaint with prejudice. Pursuant to RCW

---

[1]Thola filed for bankruptcy in May 1995.

60.04, the trial court granted the Barnharts judgment in the amount of $5,500.00 for reasonable attorney fees.

## I

 The interpretation and construction of a statute is a question of law to be reviewed de novo. *W.R.P. Lake Union Ltd. Partnership v. Exterior Servs., Inc.*, 85 Wn. App. 744, 749, 934 P.2d 722 (1997); *State v. Parada*, 75 Wn. App. 224, 229, 877 P.2d 231 (1994). In conducting such a review, an appellate court must construe a statute according to its plain language, and statutory construction is unnecessary and improper when the wording of a statute is unambiguous. *W.R.P. Lake Union*, 85 Wn. App. at 749; *Parada*, 75 Wn. App. at 230. Although RCW 60.04.900 states that the lien statutes are to be liberally construed to provide security for all parties intended to be protected by their provisions, case law has established that mechanics' and materialmen's liens are creatures of statute, in derogation of common law, and therefore must be strictly construed to determine whether a lien attaches. *Dean v. McFarland*, 81 Wn.2d 215, 219-20, 500 P.2d 1244, 74 A.L.R.3D 378 (1972); *Schumacher Painting Co. v. First Union Management, Inc.*, 69 Wn. App. 693, 698, 850 P.2d 1361, *review denied*, 122 Wn.2d 1013 (1993); *Town Concrete Pipe of Wash., Inc. v. Redford*, 43 Wn. App. 493, 497, 717 P.2d 1384 (1986). One claiming the benefits of the lien must show he has strictly complied with the provisions of the law that created it. *Schumacher Painting*, 69 Wn. App. at 699; *Pacific Erectors, Inc. v. Gall Landau Young Constr. Co.*, 62 Wn. App. 158, 168, 813 P.2d 1243 (1991), *review denied*, 118 Wn.2d 1015 (1992).

 RCW 60.04.091 requires that the notice of claim of lien be filed for recording not more than 90 days after the claimant has ceased to furnish labor, professional services, materials, or equipment. "The period provided for recording the claim of lien is a period of limitation and no action to foreclose a lien shall be maintained unless the claim of lien is filed for recording within the ninety-day period

stated." RCW 60.04.091(2). It is undisputed that Lumbermen's did file its original claim of lien on April 28, 1995, within 90 days following the last delivery of materials to the Barnharts on March 1, 1995.

RCW 60.04.091(2) requires that the claimant sign the claim of lien affirmatively stating that he has read it and believes it to be true and correct under penalty of perjury and that the claim of lien be acknowledged pursuant to RCW 64.08. The claim of lien filed by Lumbermen's on April 28, 1995, lacked a signed verification, and there was no evidence whatsoever that the claimant was placed under oath with respect to the good faith of the claim.

The Legislature repealed and recodified numerous provisions of the lien statutes by LAWS OF 1991, ch. 281, and LAWS OF 1992, ch. 126. RCW 60.04.060 (1992) was repealed and replaced by RCW 60.04.091. Former RCW 60.04.060 stated in part:

> Such claim . . . shall be signed by the claimant . . . and be verified by the oath of the claimant . . . *to the effect that the affiant believes the claim to be just* . . . . A claim for lien substantially in the following form shall be sufficient:
>
> . . . .
>
> STATE OF WASHINGTON, COUNTY OF
>
> _____, ss.
>
> _____, being sworn, says: I am the claimant . . . above named; *I have heard the foregoing claim read and know the contents thereof, and believe the same to be just.*
>
> _____
> [signature of claimant]
>
> Subscribed and sworn to before me this ___ day of ___.
>
> _____
> [signature of notary]

(Emphasis added.) In 1991 and 1992, the Legislature broadened the significance of the verification statement

when it required in RCW 60.04.091 that the claimant swear under penalty of perjury that the claim of lien is true and correct. The new statute states in part:

> (2) Shall be signed by the claimant . . . *who shall affirmatively state they have read the notice of claim of lien and believe the notice of claim of lien to be true and correct under penalty of perjury,* and shall be acknowledged pursuant to chapter 64.08 RCW . . . . A claim of lien substantially in the following form shall be sufficient:
>
> . . . .
>
> STATE OF WASHINGTON, COUNTY OF
>
> _____ , ss.
>
> _____ , being sworn, says: I am the claimant . . . above named; *I have read or heard the foregoing claim, read and know the contents thereof, and believe the same to be true and correct and that the claim of lien is not frivolous and is made with reasonable cause, and is not clearly excessive under penalty of perjury.*
>
> _____
> [signature of claimant]
>
> Subscribed and sworn to before me this ___ day of ___ .
>
> _____
> [signature of notary]

RCW 60.04.091(2) (emphasis added).

Not only did Lumbermen's fail to sign the verification statement in the April 28, 1995 claim of lien, but additionally the unsigned verification statement conformed to former RCW 60.04.060, which had already been repealed, and did not contain the additional language required by RCW 60.04.091, which became effective June 1, 1992. Lumbermen's did not verify by oath that it knew the contents of the claim and believed the claim to be just, as required under the former statute. Nor was there any attempt by Lumbermen's to comply with the current statute by swearing under penalty of perjury that it knew the contents of

the claim and believed the claim to be true and correct, not frivolous, made with reasonable cause, and not clearly excessive. This is more than a scrivener's error. *See Fircrest Supply, Inc. v. Plummer*, 30 Wn. App. 384, 634 P.2d 891 (1981) (the claimant's typed name in the verification statement and the notary's signature following the statement indicated that the claimant swore that the claim was just). Thus, Lumbermen's was not in substantial compliance under either the former or the current statute.

*Dorsey v. Brunswick Corp.*, 69 Wn.2d 511, 418 P.2d 732 (1966) is instructive. In that case a chattel mortgage was signed by the mortgagor and acknowledged by a notary public, but the affidavit of good faith was not signed by the mortgagor. *Dorsey*, 69 Wn.2d at 512. There was no reference of any kind to the mortgagor in that portion of the instrument; no recitation that an oath was administered to him; and no statement could be attributed to him on the subject of his good faith or on the lack of his desire to hinder, delay, or defraud creditors, as required by the relevant statute, former RCW 61.04.020 (repealed 1965, effective June 30, 1967). *Dorsey*, 69 Wn.2d at 512. The Court held the mortgage void because such affidavit of good faith was expressly required by the statute. *Dorsey*, 69 Wn.2d at 512.

In a brief filed with the trial court on December 11, 1995, Lumbermen's conceded that the original claim of lien filed on April 28 did not substantially comply with the filing requirements of RCW 60.04.091 because it lacked a signed verification statement. Because the original claim of lien did not include a signed verification statement as required by RCW 60.04.091, and because Lumbermen's concedes that the original claim did not substantially comply with the statute, the trial court properly concluded that the claim of lien filed April 28 was invalid and unenforceable.

Once the determination has been made that the original claim of lien was invalid, then the issue becomes whether the claim can be amended, by the party or by court order, after the statutory period of limitation has run. The case of

*McMullen & Co. v. Croft*, 96 Wash. 275, 164 P. 930 (1917) is instructive. The lien claimants in *McMullen* filed their lien claims with the county auditor, under the old recording statute, and failed to register their notices of lien under the new Torrens Act within 90 days. The title to the real estate was registered under the new Torrens Act, and certain provisions of this Act required liens affecting real estate registered under it to be recorded, or to be filed and entered with the registrar of titles, within the specified time period. The court stated:

> We have held that, where a lien notice was not filed within the ninety-day period from the date of the cessation of labor or the furnishing of materials, such lien was not [enforceable] as a lien. *Brown v. Trimble*, 48 Wash. 270, 93 Pac. 317 [(1908)]; *Heal v. Evans Creek Coal & Coke Co.*, 71 Wash. 225, 128 Pac. 211 [(1912)]; *Seattle Lumber Co. v. Sweeney*, 33 Wash. 691, 74 Pac. 1001 [(1904)]. And the general rule is that *failure to file the notice, claim, or statement, within the time limited by statute, defeats the lien.* 27 *Cyc.* 150.
>
> We have, in a number of cases, held that a lien notice may be amended after the time has expired when it may be filed. Such holdings have been based upon REM. CODE, § 1147, to the effect that the provisions of the lien statute shall be liberally construed with a view to effect their objects; and upon § 1134, to the effect that a claim of lien may be amended in case of action brought to foreclose the same, by order of the court, as pleadings may be, in so far as the interests of third parties shall not be affected by such amendment . . . *but we have never held that a lien notice filed after the expiration of the ninety days could be so amended as to make it a valid lien notice.* The statute is a statute of limitation, and when it says "no lien created by this chapter shall exist, and no action to enforce the same shall be maintained, unless within ninety days from the date of the cessation of the performance of such labor or of the furnishing of such materials, a claim for such lien shall be filed for record," *this, of course, means that, if a claim is not filed within the time, there is no lien.* The statutes operate as a limitation upon the right of lien. While the statutes provide that lien notices may be amended as pleadings may be amended, *they do not mean that a lien notice which*

*is void because filed too late may be so amended as to make it valid. A pleading which shows upon its face that an action is barred by the statute of limitations may not be amended.* The statutes simply mean that defects which do not go to the substance of the lien may be amended as pleadings may be amended, *but this does not mean that a void notice of lien may be filed out of time and thus be amended so as to make a valid lien.*

*McMullen*, 96 Wash. at 278-79 (emphasis added).

We hold that the trial court did not err when it concluded that an invalid claim of lien could not be amended by Lumbermen's to make it valid after the statutory period had passed. This also applies to RCW 60.04.091(2), which provides for amendment to a claim of lien by court order. The statute states, "Where an action to foreclose the lien has been commenced such notice of claim of lien may be amended as pleadings may be by order of the court insofar as the interests of third parties are not adversely affected by such amendment." RCW 60.04.091(2).[2] Consequently, neither the "amending claim of lien" filed by Lumbermen's on September 5, 1995, nor the motion to amend on December 8, 1995, could act as a new claim of lien. The trial court did not err when it concluded that the original claim of lien could not be amended, either by Lumbermen's or by order of the court, because the original claim was invalid and thus did not commence the foreclosure action before the 90-day time period for filing claims had expired.

## II

▉▉ The trial court awarded the Barnharts reasonable attorney fees in the amount of $5,500.00, pursuant to RCW 60.04. RCW 60.04.181(3) states:

The court may allow the prevailing party in the action, whether plaintiff or defendant, as part of the costs of the action, the moneys paid for recording the claim of lien, costs of

---

[2]This portion of the statute was not substantially changed from former RCW 60.04.060.

title report, bond costs, and attorneys' fees and necessary expenses incurred by the attorney in the superior court, court of appeals, supreme court, or arbitration, as the court or arbitrator deems reasonable.

"The decision as to whether to award attorney fees is discretionary with the court." *CKP, Inc. v. GRS Constr. Co.*, 63 Wn. App. 601, 621, 821 P.2d 63 (1991), *review denied*, 120 Wn.2d 1010 (1992). The declaration of Dennis Greenlee, the attorney for the Barnharts, states that the fees and costs incurred in defending this case at the trial court level totaled $5,526.50. The trial court did not abuse its discretion in awarding $5,500.00 in attorney fees. The Barnharts also request attorney fees for the costs of this appeal, pursuant to RCW 60.04.181(3) and RAP 18.1(a). We grant attorney's fees to the Barnharts for the appeal.

We affirm.

HOUGHTON, C.J., and ARMSTRONG, J., concur.