[No. 25916-8-II.  Division Two.  November 21, 2001.]

FLAG CONSTRUCTION COMPANY, INC., *Appellant*, v. OLYMPIC BOULEVARD PARTNERS, *Respondent*.

*Thomas A. Larkin* (of *Stewart Sokol & Cray, L.L.C.*), for appellant.

*Jon E. Cushman* and *Benjamin D. Cushman* (of *Cushman Law Offices, P.S.*), for respondent.

ARMSTRONG, C.J. — Flag Construction Co., Inc. filed a lien claim against Olympic Boulevard Partners. Flag's president signed the lien and a notary signed the verification, but Flag's president did not sign the verification. The statute requires that a lien claimant sign the lien claim and affirmatively state that the lien is true and correct under penalty of perjury. The trial court granted partial summary judgment because the lien claim lacked the verification signature. Because the lien claimant did not sign the

verification and the notary did not state on the lien that the claimant had sworn to its contents, we affirm.

## FACTS

Flag Construction and Olympic Boulevard Partners disagree over the validity of a construction lien Flag filed against Olympic. The statute requires that a lien claimant sign the notice of lien claim. RCW 60.04.091. The claimant must also affirmatively state that he has read the lien and believes it is correct under penalty of perjury. RCW 60.04.091(2). Flag's president, Richard Schnell, signed the lien claim but did not sign the verification. A notary printed Schnell's name on the verification and notarized it as follows:

STATE OF WASHINGTON

County of <u>King</u>

<u>R.E. Schnell</u>, being sworn, says: I am the claimant (or attorney of the claimant, or administrator, representative, or agent of the trustees of an employee benefit plan) above named; I have read or heard the foregoing claim, read and know the contents thereof, and believe the same to be true and correct and that the claim of lien is not frivolous and is made with reasonable cause, and is not clearly excessive under penalty of perjury.

_____

Date this <u>10th</u> day of <u>August 1999</u>.

      [signature of notary]

      Print Name <u>Wayne D. Smith</u>

      Notary Public in and for the State of <u>Washington</u>

      My appointment expires <u>2/15/2003</u>

CP at 75.

Olympic contends that *Lumberman's, Inc. v. Barnhardt*, 89 Wn. App. 283, 949 P.2d 382 (1997), requires strict compliance with the statute and that the claim is invalid for lack of a verification signature. Flag counters that *Fircrest Supply, Inc. v. Plummer*, 30 Wn. App. 384, 634 P.2d 891 (1981) upheld a lien claim similar to Flag's, finding that it substantially complied with the lien statute. The trial court

granted partial summary judgment in favor of Olympic, ruling that Flag's notice of lien claim did not meet the statute's requirements.

## ANALYSIS

■ This summary judgment involves a question of law, which we review de novo. *Benjamin v. Wash. State Bar Ass'n*, 138 Wn.2d 506, 515, 980 P.2d 742 (1999). The trial court ruled that the lien claim was not properly verified according to RCW 60.04.091. RCW 60.04.091 requires that a notice of lien claim "[s]hall be signed by the claimant . . . who shall affirmatively state they have read the notice of claim of lien and believe [it] to be true and correct under penalty of perjury." RCW 60.04.091(2).

■ ■ We interpret a statute according to its plain meaning. *W.R.P. Lake Union Ltd. P'ship v. Exterior Servs., Inc.*, 85 Wn. App. 744, 749, 934 P.2d 722 (1997). And we construe RCW 60.04.091 to provide security for those parties the legislature intended the statute to protect. RCW 60.04.900. But the party claiming the benefits of the lien must strictly comply with the lien claims' law. *Lumberman's*, 89 Wn. App. at 286. RCW 60.04.091 requires a lien claimant to affirmatively state under penalty of perjury that its claim is true and correct. RCW 60.04.091.

■ In *Fircrest*, the claimant signed the lien but not the verification:

STATE OF WASHINGTON

COUNTY OF Pierce

David Perkins, [registered agent] being sworn, says: I am the claimant . . . above named; I have heard the foregoing claim read and know the contents thereof, and believe the same to be just.

[Signature of notary public]

Subscribed and sworn to before me this 13th day of July, 19 78.

residing in Tacoma.

*Fircrest*, 30 Wn. App. at 389 (emphasis added). Thus, the notary public stated that the lien claimant had signed and sworn to the contents of the lien before her. The court held that the verification was sufficient because it "clearly [identified] him as the claimant who was sworn." *Fircrest*, 30 Wn. App. at 390.

In *Lumberman's*, by contrast, the claimant did not sign the verification and nothing on the lien claim stated that the claimant had sworn to the lien's contents. We held that the claimant had failed to substantially comply with the statute. *Lumberman's*, 89 Wn. App. at 289.

Here, the lien claimant did not sign the verification and, although the notary signed the verification, the notary did not swear that the lien claimant had both signed and sworn to the contents of the lien claim. Rather, the notary simply signed his name as a "Notary Public in and for the State of Washington." Clerk's Papers at 75. In short, nothing on the lien claim shows that the claimant verified the lien's contents as the statute required. We hold that Flag did not substantially comply with the lien claims' statute.

The parties have requested attorney fees under RAP 18.1. The lien claims' statute allows the court to award discretionary attorney fees to the prevailing party. RCW 60.04.181(3).[1] Olympic is entitled to reasonable attorney fees on appeal. RAP 18.1(a).

Affirmed.

BRIDGEWATER and QUINN-BRINTNALL, JJ., concur.

---

[1] The statute states, in relevant part:

The court may allow the prevailing party in the action, whether plaintiff or defendant, as part of the costs of the action . . . attorneys' fees and necessary expenses incurred by the attorney in the . . . court of appeals . . . as the court . . . deems reasonable.

RCW 60.04.181(3).