139 P.3d 426 (2006)
Terry L. WILLIAMS and Janis E. Williams, husband and wife, Respondents,
v.
ATHLETIC FIELD, INC., a Washington corporation, Appellant.
No. 33607-3-II.
Court of Appeals of Washington, Division 2.
August 1, 2006.
*428 Kirk Richard Wines, Attorney at Law, Seattle, WA, for Appellant.
Klaus Otto Snyder, Snyder Law Firm LLC, Sumner, WA, for Respondents.
HOUGHTON, P.J.
¶ 1 Athletic Field, Inc., appeals a trial court order releasing its mechanics' lien as frivolous and awarding attorney fees and costs to the property owners, Terry and Janis Williams. The trial court found the lien invalid because a lien filing service employee signed the notice of lien's attestation clause. Athletic argues that the trial court erred in construing the statute as requiring that either the claimant or the claimant's attorney sign the attestation clause. We agree and reverse and remand for further proceedings.

FACTS
¶ 2 The Williamses are the owners and developers of a parcel of land in Sumner. Their development project required site preparation work estimated to cost $419,925, followed by construction of a commercial warehouse. In spring 2004, they verbally contracted with Athletic Field, Inc., to complete either some portion or all of the site preparation work (the parties dispute the scope of the agreement). They later made three payments to Athletic totaling approximately $155,000 for work completed. But they were dissatisfied with the pace of Athletic's performance. In October 2004, Athletic's owner, Craig Starren, asked the Williamses to sign a written contract. Instead, the Williamses ordered Athletic to discontinue work and vacate the site.
¶ 3 The parties dispute the amount of site preparation work that Athletic completed. Athletic claims it finished 90 percent of the total work, plus additional work not included in the initial plan. The Williamses claim that Athletic did less than one-third of the planned work and was overpaid by tens of thousands of dollars for the work it did perform.
¶ 4 On December 6, 2004, Athletic filed a lien against the Williamses' property for $276,825 or roughly the difference between the payment it had already received and the estimated value of the entire site preparation, plus additional work Athletic claims it performed at the Williamses' request. The notice of claim of lien included an attestation clause signed by Rebecca Southern, an employee of LienData USA, Inc., a lien filing service. The clause identifies Athletic as the claimant and LienData as the agent for claimant. The attestation clause reads:
*429 
¶ 5 The Williamses moved for an order to show cause why relief should not be granted under RCW 60.04.081, the frivolous lien statute. They claimed that the lien was invalid because neither Athletic nor its attorney signed the attestation clause. They further noted the absence of a written contract and stated that they had paid Athletic for all the work it performed and, in fact, had overpaid Athletic.
¶ 6 In support of their show cause motion, the Williamses filed declarations by Terry Williams and Norman Hubbard, an Athletic employee who acted as the site project manager. Hubbard stated that he was a general contractor on the project, that he brought Athletic in to perform only a portion of the work, that his own company performed a substantial portion of the work, and that the Williamses paid Athletic all amounts due.
¶ 7 In opposing the motion, Athletic contested the Williamses' interpretation of the statute, arguing that, according to RCW 60.04.081, any authorized agent may sign the attestation clause. Athletic argued that the lien's validity could not be resolved in the context of a show cause proceeding because it involved disputed factual issues about the amount of work performed and monies due that required a trial on the merits.
¶ 8 In support of its opposition, Athletic filed Starren's declaration stating that his verbal agreement with the Williamses was for performing the entire site preparation work and that Athletic had completed 90 percent of the work. Starren also stated that Hubbard was his full-time employee, not a general contractor, and that any work he performed is attributable to Athletic because Athletic provided all the labor, services, and equipment. He also stated that he performed additional work at the Williamses' request worth $50,000.
¶ 9 In reply, the Williamses submitted additional declarations by Hubbard and Terry Williams rebutting Athletic's allegations. Williams stated that the additional work allegedly worth $50,000 was a fill project costing far less and that he actually did Athletic a favor by permitting it to use the site as a *430 dumping ground for the "dirty dirt"[1] it accumulated at other projects. Hubbard again asserted that his own company performed most of the work.
¶ 10 After hearing argument on the motion, a pro tempore superior court commissioner entered an order releasing the lien and awarding attorney fees and costs to the Williamses for an amount to be determined at a motion for revision hearing held by a superior court judge. The order states that the lien did not comply with RCW 60.04.091 because it "was not signed, under penalty of perjury, by the Claimant (or an officer of the Claimant corporation) or by an attorney for the Claimant." Clerk's Papers (CP) at 136. The order further states that the Williamses met their initial burden to show that the lien was frivolous and without reasonable cause and that Athletic failed to present a prima facie case to the contrary, but the commissioner provided no explanation for this determination.[2]
¶ 11 In its motion for revision by the superior court, Athletic filed several declarations rebutting the Williamses' assertions made in reply to the motion. The court granted the Williamses' motion to strike Athletic's additional pleadings and denied Athletic's motion to revise the commissioner's ruling. The court entered an order awarding the Williamses approximately $10,000 in attorney fees and costs. Athletic appeals.

ANALYSIS

RCW 60.04.091
¶ 12 We first address whether the notice of claim of lien recorded here complied with the statutory requirements. Athletic contends that the trial court erred when it ruled that RCW 60.04.091 requires either the claimant or the claimant's attorney sign the attestation clause and that no other authorized agent may do so.
¶ 13 We review statutory construction issues de novo. LRS Elec. Controls, Inc. v. Hamre Constr. Inc., 153 Wash.2d 731, 738, 107 P.3d 721 (2005). We give effect to the plain meaning of a statute as an expression of legislative intent. State v. Thompson, 151 Wash.2d 793, 801, 92 P.3d 228 (2004).
¶ 14 We strictly construe lien statutes because they are in derogation of the common law. Dean v. McFarland, 81 Wash.2d 215, 219-20, 500 P.2d 1244 (1972). A lien claimant must clearly demonstrate satisfaction of all the statutory lien claim requirements. Dean, 81 Wash.2d at 220, 500 P.2d 1244.
¶ 15 Under RCW 60.04.091, a lien claimant must file a notice of claim of lien within 90 days after the claimant ceased to supply services or materials to a subject property. Subsection (1) sets forth the required content of the lien claim. Subsection (2) provides that the lien claim must be notarized and "[s]hall be signed by the claimant or some person authorized to act on his or her behalf who shall affirmatively state they [sic] have read the notice of claim of lien and believe the notice of claim of lien to be true and correct under penalty of perjury. . . . A claim of lien substantially in the following form shall be sufficient." RCW 60.04.091 (emphasis added).
¶ 16 A sample attestation clause follows, stating in part:
I am the claimant (or attorney of the claimant, or administrator, representative, or agent of the trustees of an employee benefit plan) above named; I have read or heard the foregoing claim, read and know the contents thereof, and believe the same to be true and correct and that the claim of lien is not frivolous and is made with reasonable cause, and is not clearly excessive under penalty of perjury.
RCW 60.04.091(2) (emphasis added).
¶ 17 Athletic argues that the attestation clause for a lien claim may be signed by any authorized agent of the claimant, not just the claimant or the claimant's attorney. The Williamses respond that the sample attestation clause narrows the range of persons *431 "authorized to act on his or her behalf" to the claimant, a responsible corporate officer, or the claimant's attorney.
¶ 18 A lien claim is invalid if it does not substantially comply with RCW 60.04.091. See Lumberman's of Wash., Inc. v. Barnhardt, 89 Wash.App. 283, 289, 949 P.2d 382 (1997). In 1991, the legislature amended the statute to require that a claimant attest to the lien's validity under penalty of perjury. Lumberman's, 89 Wash.App. at 287-88, 949 P.2d 382. In the absence of evidence that the claimant (or someone authorized to act on the claimant's behalf) attested to its validity, a lien claim does not substantially comply with RCW 60.04.091. See Flag Constr. Co. v. Olympic Boulevard Partners, 109 Wash.App. 286, 290, 34 P.3d 1250 (2001).
¶ 19 It is clear under our case law that a lien claim is invalid absent evidence that the claimant attested to its validity. See Lumberman's, Inc., 89 Wash.App. 283, 949 P.2d 382 (lien claim invalid where the claimant signed the lien notice but failed to sign the attestation clause); Flag Constr., 109 Wash.App. 286, 34 P.3d 1250 (lien claim invalid where claimant signed the lien, a notary signed the verification, but the claimant did not sign the verification); compare with Fircrest Supply, Inc. v. Plummer, 30 Wash.App. 384, 634 P.2d 891 (1981) (lien claim substantially complied with RCW 60.04.091 although the claimant did not sign the lien because the notary's signature following the claimant's typed name indicated that the claimant verified the claim in the notary's presence).[3] But no Washington court has ruled on who may sign the attestation clause on the claimant's behalf.
¶ 20 The Williamses argue that the attestation requirement is meaningless if we broadly construe the phrase "some person authorized to act on his or her behalf." In their view, the legislature obviously intended that someone who has first-hand knowledge of the lien claim and can be held personally responsible for its contents must sign the attestation clause. Thus, they argue, the sample attestation clause limits the range of authorized agents to the claimant, some responsible corporate officer, or the claimant's attorney. We disagree.
¶ 21 The statute plainly states that the attestation clause must be signed by "the claimant or some person authorized to act on his or her behalf." RCW 60.04.091(2). The sample attestation clause that follows is an example of a form that substantially complies with the statute, but it does not purport to be the only adequate form. The parenthetical "(or attorney of the claimant, or administrator, representative, or agent of the trustees of an employee benefit plan)" lists persons who may, in some circumstances, sign the lien claim on behalf of the claimant but the sample form does not and cannot define an exclusive list not specified under the statutory language itself.
¶ 22 The statute further plainly means that a claimant may appoint an agent to sign the lien claim on its behalf. Here, Athletic appointed LienData to sign the form on its behalf. That LienData, or its authorized employee, Rebecca Southern, does not have first-hand knowledge of the facts except as relayed by Athletic does not compel a different interpretation. Under agency principles, Athletic remains responsible for the representations made by its authorized agent and thus may be held accountable for false or misleading information. See RESTATEMENT (SECOND) AGENCY, § 212 (1958).
¶ 23 Under RCW 60.04.091, either the claimant or any authorized agent of the claimant may sign the notice of lien claim. Here, Athletic properly authorized a lien filing service to sign the notice of lien claim on its behalf.[4] The trial court erred in ruling *432 that the lien claim did not comply with RCW 60.04.091.
¶ 24 Moreover, even if we agreed with the Williamses' construction of RCW 60.04.091, it does not follow that the lien claim was frivolous and without reasonable cause. Lack of compliance with RCW 60.04.091 renders a lien claim invalid but not necessarily frivolous. W.R.P. Lake Union Ltd. P'ship v. Exterior Servs., Inc., 85 Wash. App. 744, 752, 934 P.2d 722 (1997) (lien not frivolous where its compliance with statutory notice requirement is fairly debatable). Although all frivolous liens are invalid, not all invalid liens are frivolous. Intermountain Elec., Inc. v. G-A-T Bros. Constr., Inc., 115 Wash.App. 384, 394, 62 P.3d 548 (2003) (first lien invalid but not frivolous where claimant legitimately disputed the calculation of the limitations period); compare with Intermountain, 115 Wash.App. at 394-95, 62 P.3d 548 (second lien invalid and frivolous where court previously ruled that the limitations period had expired). A lien claim is not necessarily frivolous because a party loses on a factual or legal ground. W.R.P., 85 Wash. App. at 752, 934 P.2d 722. Release of a lien as frivolous is appropriate only when it is apparent beyond legitimate dispute that the lien was invalid when filed. Intermountain, 115 Wash.App. at 394, 62 P.3d 548.
¶ 25 Whether RCW 60.04.091 permits any authorized agent to sign the attestation clause, rather than only the claimant or the claimant's attorney, is an issue of first impression subject to legitimate dispute. In the absence of controlling authority on the validity of the lien, a lien is not frivolous. See Pac. Indus., Inc. v. Singh, 120 Wash. App. 1, 10, 86 P.3d 778 (2003) (lien invalid but not frivolous where the lienability of the claimant's services raised an issue of first impression). In a summary proceeding under the frivolous lien statute, the trial court should not attempt to resolve debatable issues regarding the lien's validity or convert the hearing into a trial on the merits. W.R.P., 85 Wash.App. at 753, 934 P.2d 722.
¶ 26 Because the construction of RCW 60.04.091 presented a debatable issue of law, the trial court erred in concluding that the lien claim was frivolous and without reasonable cause for failure to comply with the statute.

Frivolous Lien
¶ 27 The Williamses also argue that the lien was frivolous because Athletic did not comply with the statutory lien notice requirements and because they do not owe Athletic any money. Athletic responds that it met its burden of stating a prima facie case showing its entitlement to the amount claimed and that the Williamses failed to meet their burden of proving the invalidity of Athletic's claim beyond legitimate dispute. We agree with Athletic.
¶ 28 Under RCW 60.04.021, "any person furnishing labor, professional services, materials, or equipment for the improvement of real property shall have a lien upon the improvement for the contract price of labor, professional services, materials, or equipment furnished at the instance of the owner." The frivolous lien statute creates a summary procedure by which a property owner may quickly obtain release of a lien that is frivolous and lacks reasonable cause or is clearly excessive. W.R.P., 85 Wash. App. at 749, 934 P.2d 722. A trial court may properly resolve factual disputes in a summary proceeding based on affidavits. W.R.P., 85 Wash.App. at 750, 934 P.2d 722. Thus, the lien claimant may not defeat a motion for release of a frivolous claim merely by raising a material issue of fact. W.R.P., 85 Wash.App. at 749-50, 934 P.2d 722.
¶ 29 But a frivolous claim proceeding is not a substitute for a trial on the merits. Andries v. Covey, 128 Wash.App. 546, 550, 113 P.3d 483 (2005). Thus, the court should only make such factual determinations as are necessary to determine whether the lien is clearly frivolous or excessive. See Andries, 128 Wash.App. at 551, 113 P.3d 483 (trial court erred in ruling not only that the lien was not clearly frivolous or excessive but also that it was valid).[5]
*433 ¶ 30 A summary proceeding under the frivolous lien statute is analogous to a trial by affidavit. W.R.P., 85 Wash.App. at 750, 934 P.2d 722. In reviewing the lower court's ruling, we ask whether substantial evidence supports the trial court's factual findings and whether the trial court made an error of law that we may correct on appeal. W.R.P., 85 Wash.App. at 750, 934 P.2d 722 (citing In re Marriage of Stern, 68 Wash. App. 922, 928-29, 846 P.2d 1387 (1993)) (noting that the trial court has the benefit of oral argument and is in a better position than the reviewing court to resolve conflicts).
¶ 31 Although the lien claimant bears the ultimate burden of proof when it seeks to enforce the lien in a summary proceeding under the frivolous lien statute, the party seeking its release must establish its invalidity beyond legitimate dispute. W.R.P., 85 Wash.App. at 752, 934 P.2d 722. The challenger has the burden of presenting supporting affidavits explaining why the lien is frivolous. W.R.P., 85 Wash.App. at 751, 934 P.2d 722. The burden then shifts to the lien claimant to present a prima facie case that the lien was not frivolous. The burden then shifts back to the challenger to prove the lien was frivolous when filed. W.R.P., 85 Wash.App. at 751, 934 P.2d 722.
¶ 32 Here, the Williamses submitted affidavits by Terry Williams and Hubbard stating that the Williamses orally agreed to pay Athletic for whatever portion of the site preparation work Athletic completed. The affidavits further state that Athletic completed a small fraction of the work and that the Williamses overpaid it for the work performed. In support, the Williamses pointed out the absence of a written contract and submitted a copy of the unsigned contract for the entire site preparation project.
¶ 33 In response, Athletic submitted an affidavit by its owner, Starren, stating that the Williamses orally agreed to pay him for the entire site preparation work and that Athletic had, in fact, completed 90 percent of the project plus additional work Starren requested. Athletic stated that Hubbard was its full-time employee and that any work he performed is attributable to Athletic. In reply, the Williamses reasserted their allegations, disputing Athletic's version of the facts.
¶ 34 Here, Athletic established debatable issues of law and fact concerning the applicable statutory requirements and its entitlement to recover for work it performed. It is undisputed that the Williamses entered an verbal contract with Athletic to provide labor, services, materials, and/or equipment for the improvement of their property. It is also undisputed that Athletic performed work at the site between May 2004 and mid-November 2004.
¶ 35 The dispute involves the scope of the verbal agreement, the amount of work Athletic actually performed, and whether the Williamses paid it all amounts due. This dispute raises debatable issues of fact that cannot be resolved in a summary proceeding under the frivolous lien statute. The Williamses rely on the absence of a written contract for proof of their version of the facts. But their refusal to sign the contract does not disprove Athletic's contention that they verbally agreed to have Athletic complete the entire project. The Williamses failed to put the invalidity of the lien beyond legitimate dispute.
¶ 36 The lien may or may not be enforceable, but Athletic met its burden of presenting a prima facie case that it was not frivolous. And the Williamses failed to prove that it was frivolous. Thus, the trial court erred when it released the lien as frivolous and without reasonable cause.[6]

*434 Attorney Fees
¶ 37 Athletic argues that the trial court erred in awarding attorney fees to the Williamses. It asks us to award it attorney fees for the summary proceeding below and on appeal.
¶ 38 The frivolous lien statute mandates an award of attorney fees to the prevailing party. The trial court granted attorney fees to the Williamses under RCW 60.04.081(4).[7] Because the trial court erred in releasing the lien, it improperly awarded the Williamses their attorney fees.
¶ 39 Instead, the law entitles Athletic to attorney fees for the proceeding below and on appeal under RCW 60.04.081(4), which provides in part: "If the court determines that the lien is not frivolous and was made with reasonable cause, and is not clearly excessive, the court shall issue an order so stating and awarding costs and reasonable attorneys' fees to the lien claimant to be paid by the applicant."
¶ 40 The trial court erred in releasing the lien and we reverse and remand for further proceedings on its enforcement. Because it erred in releasing the lien, it also erred in awarding the Williamses attorney fees. Instead, on remand, it should award fees to Athletic. We further award Athletic attorney fees for the costs of appeal. W.R.P., 85 Wash.App. at 753, 934 P.2d 722 (awarding attorney fees on appeal to party that successfully challenged the trial court's order to release a lien).
¶ 41 Reversed and remanded.
We concur: BRIDGEWATER and PENOYAR, JJ.
NOTES
[1] Williams explained that "dirty dirt" needs to be screened for use other than as fill. Clerk's Papers at 77.
[2] Our record does not contain a transcript of the show cause hearing.
[3] Fircrest construes former RCW 60.04.091 (1989), which required either the claimant or "some person in his behalf" to swear to the lien claim's contents, though not under penalty of perjury as currently required.
[4] We must make note that the attestation form Athletic used here, when read in its entirety, barely meets the substantial compliance allowed under RCW 60.04.091. Rebecca Southern, the signatory, is neither the claimant nor the claimant's attorney. But the attestation clause clearly identifies her as an "agent for the claimant" as permitted by the statute. The better form would be to follow the statutory language and not that suggested in the accompanying sample attestation clause.
[5] There is tension between W.R.P.'s holding that a trial court may properly resolve disputed facts during a summary proceeding under the frivolous lien statute and its additional holding that the proceeding should not become a trial on the merits. The kinds of factual disputes that the trial court could properly resolve might be, for example, whether the lien was signed by a proper party, whether it was properly served, and whether its contents comply with the statutory requirements. But where, as here, the parties do not dispute that there is an agreement governing work performed, that the claimant performed work, that the kind of work performed falls within the lien statute, and the only dispute involves the amount of work performed and the amount owed, resolution requires a trial on the merits.
[6] Athletic further argues that the trial court erred when it considered declarations the Williamses submitted in their reply pleading and refused to consider its own reply declarations. Because the resolution of this case turns on other issues, we do not address Athletic's additional argument.
[7] RCW 60.04.081(4) provides in part: "If, following a hearing on the matter, the court determines that the lien is frivolous and made without reasonable cause, or clearly excessive, the court shall issue an order releasing the lien if frivolous and made without reasonable cause, or reducing the lien if clearly excessive, and awarding costs and reasonable attorneys' fees to the applicant to be paid by the lien claimant."